FRANK ANKER, JR., Appellant, *v.* LEON G. DIBBLE, Comptroller of the City of Schenectady, New York, Respondent.

Third Department, November 18, 1932.

*Blodgett & Smith* [*H. E. Blodgett* of counsel], for the appellant.

*Mathias P. Poersch,* for the respondent.

VAN KIRK, P. J. This is an appeal from an order denying a mandamus order. Petitioner was the assistant building inspector of the city of Schenectady. The board of estimate and apportionment abolished this position. The mandamus sought to require the comptroller to issue his warrant for payment to petitioner for the services rendered and tendered after his position was abolished.

Petitioner claims that he held his position directly and indirectly by appointment of the common council and that the board of estimate and apportionment had no power to abolish his position.

The general rule, when not qualified by positive law, is that the

power which creates an office may abolish it in its discretion and this rule applies to municipal offices created by the act of some municipal body.

On November 13, 1924, the board of estimate and apportionment created the position of assistant building inspector and fixed his salary. On September 20, 1929, this same board created the position of second assistant building inspector and fixed his salary. Each of these resolutions was passed unanimously; each position has been continued and the salaries entered in the budget approved by the common council each year since. On January 2, 1932, Harmon Phill'ps was appointed building inspector by the common council. On that day the mayor sent a letter to Phillips that it was the intention of the board of estimate and apportionment to abolish the position of assistant building inspector. Regardless of this letter Phillips appointed Frank Anker, Jr., the petitioner, assistant building inspector. On March 4, 1932, the board of estimate and apportionment by unanimous resolution abolished the position to become effective March 15, 1932, reciting that it was done in good faith and in the interest of economy.

The power to appoint to a position is to be distinguished from the power to create that position. The city of Schenectady is under the Second Class Cities Law, except as the city charter otherwise provides. The Schenectady Charter is chapter 756 of the Laws of 1907. We do not find that any section of this charter is in conflict with the Second Class Cities Law in respect to the creating of subordinate positions in offices, boards and departments of the city. Section 74 of the Second Class Cities Law contains this: "Determination of positions and salaries. The board of estimate and apportionment, except as otherwise provided by law, shall have authority to fix the salaries or compensation, and determine the positions and numbers of all city officers and employees, of each office, board and department * * *." It is said that the charter, section 201-b, provides otherwise. That section, after approving the building code of the city of Schenectady, as amended, and providing that the ordinances shall continue to be the building code of the city and that the office of building inspector is continued, concludes as follows: "In addition to the powers and duties prescribed by such building code of the city of Schenectady, the building inspector shall have such other powers and discharge such other duties as may be granted or prescribed by the common council." We find nothing in this provision in conflict with the provision quoted from section 74, *supra*. Under that section the board has the power to determine the positions and numbers of all such officers and employees in each office, board and department. The

power to determine the positions in all offices seems to us the power to create. If the power to determine meant something else and some other department or board had power to create, what effect would the power to determine have? There would be constant conflict. The board of estimate and apportionment determines the salaries, fixes the same by resolution (Second Class Cities Law, §§ 16, 74, as respectively amd. by Laws of 1920, chap. 378, and Laws of 1919, chap. 151) and makes an itemized statement of the estimated revenues and expenditures of the city, which, when approved by the common council, becomes the budget. (Second Class Cities Law, § 75, as amd. by Laws of 1918, chap. 54; Id. §§ 76, 77.) Thus the board has supervision of the financial affairs of the city. It seems to us to be given full power to create subordinate positions which have not been otherwise provided for, the power of deciding what subordinate officers or employees may be appointed in the several departments and fixing the salary of each. An appointment to a position may not be made until the salary therefor has been fixed. *Matter of Bateman* v. *Mayor, etc.* (247 N. Y. 250) seems to us to be full authority for this position.

The order should be affirmed, with costs.

HINMAN, HILL, RHODES and CRAPSER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.