In the Matter of CONRAD H. SULLIVAN, Appellant
against BENJAMIN I. TAYLOR et al., Constituting the
Town Board of the Town of Harrison, et al.,
Respondents.

Argued November 22, 1938; decided January 10, 1939.

*Conrad H. Sullivan,* in person, for appellant. The Town Law (Cons. Laws, ch. 62) prescribes a fixed term for the office of town attorney. (*Stuber* v. *Coler,* 164 N. Y. 22; *People ex rel. Joyce* v. *Brundage,* 78 N. Y. 403; *People ex rel. Domschke* v. *Messenger,* 200 App. Div. 418; 233 N. Y. 687; *State* v. *Knight,* 76 Mont. 71.) No triable issue of waiver or estoppel was raised (*Stadler* v. *City of Detroit,* 13 Mich. 346; *State* v. *Willott,* 103 Neb. 798; *People ex rel. Satterlee* v. *Board of Police,* 75 N. Y. 38; *Quayle* v. *City of New York,* 278 N. Y. 19; *Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536; *Moore* v. *Board of Education,* 121 App. Div. 862; *Grant* v. *City of Rochester,* 79 App. Div. 460; 175 N. Y. 473; *Riley* v. *Mayor,* 96 N. Y. 331; *People ex rel. Lane* v. *Case,* 64 Hun, 636; *People* v. *Reinberg,* 263 Ill. 536; *State* v. *Taylor,* 156 So. Rep. 549, 550; *State* v. *Bird,* 163 So. Rep. 248, 254; *State* v. *Chapin,* 110 Ind. 272; *Caldwell* v. *Lyon,* 80 S. W. Rep. [2d] 80; *Abrams* v. *Horton,* 18 App. Div. 208.) The words " to serve at the pleasure of this board " are surplusage and should be disregarded. (*People* v. *Dooley,* 69 App. Div. 512; 171 N. Y. 74; *People ex rel. Bridgeman* v. *Hall,* 104 N. Y. 170; *Stadler* v. *City of Detroit,* 13 Mich. 346; *People ex rel. Young* v. *Gulvin,* 164 App. Div. 768.) The town board was without power to remove petitioner. (Cons. Laws, ch. 47, § 36;

*People ex rel. Cline* v. *Robb*, 126 N. Y. 180; *Matter of Shatter* v. *Moses*, 241 App. Div. 485; *Matter of Fitzgerald*, 88 App. Div. 434; *Greene* v. *Knox*, 175 N. Y. 432.)

*John J. Di Sesa* for respondents. Defendants' attempt to make a limited appointment was void and does not inure as an appointment for a full term. (*Riley* v. *Mayor*, 96 N. Y. 331; *People ex rel. Bridgeman* v. *Hall*, 104 N. Y. 170; *Matter of Snyder*, 190 N. Y. 66.) The petitioner is estopped from contending as against the defendants that only part of the resolution of his appointment is void. (*Hotchkiss* v. *City of Binghamton*, 211 N. Y. 279; *Brady* v. *Nally*, 151 N. Y. 258; *Matter of Pet. of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447; *Fisher* v. *City of Mechanicville*, 225 N. Y. 210; *Greenberg* v. *Remick & Co.*, 230 N. Y. 70; *Thompson* v. *Hofstatter*, 265 N. Y. 54; *Rodkinson* v. *Haecker*, 248 N. Y. 480; *Parmely* v. *Showdy*, 86 Misc. Rep. 634; *Carpenter* v. *Stilwell*, 11 N. Y. 61; *Trustees* v. *Smith*, 118 N. Y. 634; *Rothschild* v. *Title Guaranty & Trust Co.*, 204 N. Y. 458; *Draper* v. *Oswego Co. Fire Relief Assn.*, 190 N. Y. 12.) Petitioner, by his conduct, advice and acceptance of the appointment, waived his right to hold office pursuant to statute. (*Hotchkiss* v. *City of Binghamton*, 211 N. Y. 279; *Brady* v. *Nally*, 151 N. Y. 258: *Matter of Pet. of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447: *Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34.) The Legislature did not intend, in enacting section 24 of the Town Law, to provide that the services of a town attorney could not be terminated by a vote of the board. (*Matter of Niagara, L. & O. Power Co.*, 203 N. Y. 493; *Matter of Dunn*, 205 N. Y. 398; *Ransom* v. *Ransom*, 147 App. Div. 835; *Martin* v. *Camp*, 219 N. Y. 170.)

RIPPEY, J. Section 20 of the Town Law (Cons. Laws, ch. 62) (L. 1932, ch. 634, as amd.) provides for elective and appointive town officers. It is provided that the town board may establish the " office " of town attorney or town

engineer and that " if the town board shall so establish the office of town attorney or town engineer, or both, it shall fix the salary of such officer or officers." (Subd. 2, ¶ [a].) On January 1, 1936, the town board of the town of Harrison, Westchester county, met and established the office of town attorney, fixed his salary at $4,500 per year and duly appointed the petitioner to the office, whereupon petitioner qualified by filing his constitutional oath of office with the county clerk within the time specified by section 25 of the Town Law, and thereupon entered upon the discharge of his duties. He continued as town attorney until respondents excluded him from office and attempted to end his term of office by resolution on November 8, 1937. He has held himself ready and willing at all times to perform the duties of his office and has demanded that he be recognized as town attorney until the expiration of his term on December 31, 1937, and that he be paid the salary as fixed for the period from November 1, 1937, to the date of the commencement of this proceeding. Respondents refused to recognize him further as town attorney or to pay him salary after November 8, 1937. To compel such recognition and payment of his salary he brought this proceeding and was successful in Special Term. The Appellate Division, however, as a matter of law and not in the exercise of discretion, unanimously reversed the order of the Special Term and dismissed the proceeding on the ground that, by his conduct and agreement at the time of his appointment, he had waived the right to hold his office and was estopped to assert that the appointment was not at the pleasure of the town board.

In the verified petition it is alleged that the appointment was for the term commencing January 1, 1936, that by statute the term of office did not expire until the first day of January next succeeding the next biennial town election held after the time of his appointment, that the first biennial town election after his appointment was held on November 2, 1937, and that his term of office

did not expire until December thirty-first of that year. Petitioner asserts that the town board had no power to remove him during the term of office as fixed by section 24 of the Town Law. No answer to the petition was filed or served as required by section 1291 of the Civil Practice Act, and the Special Term rightfully proceeded as upon a default. Respondents appeared, however, on the return day, and the only way they raise the question of the right of petitioner to relief as demanded is by an affidavit made by the supervisor of the town in which he asserted that petitioner and the town board agreed, before the resolution creating the office of town attorney was adopted, that petitioner should be removable at the pleasure of the town board, whereupon the resolution was prepared by petitioner and adopted by the board and provided that he should serve " at the pleasure of this board." A copy of the resolution was attached to the affidavit. The lower courts have assumed that such an agreement was made, and we shall also so assume, since the decision would be the same whether the agreement were made or not. If not made, petitioner was entitled to relief in accordance with the prayer in the petition; if made, the same result follows, since the term of office, as fixed by statute, could not be changed by agreement of the parties or by resolution of the town board and no power of removal was granted by the Legislature to the appointing authority.

The town attorney appointed in pursuance of the provisions of section 20 of the Town Law was a public officer (Cf. *Thompson* v. *Hofstatter*, 265 N. Y. 54, 57–59). He was required to take and file the constitutional oath of office; the statute refers to him as an " officer " and to the position of town attorney as an " office." To be eligible to such office he was required to be an elector of the town at the time of his appointment and throughout his term of office (Town Law, §§ 20–25).

Section 24 of the Town Law provides for the terms of office of all town officers whether elective or appointive and reads, so far as material here, as follows: " The town clerk, the town superintendent of highways, the town engineer and the town attorney, whenever appointed, shall hold their respective offices until the first day of January next succeeding the first biennial town election held after the time of their appointment. All other appointed officers and employees shall hold their respective offices and positions at the pleasure of the town board, except as otherwise provided by law."

By the provisions of the Town Law above referred to, the Legislature left with the town board the right to create the office of town attorney, to appoint the incumbent and to fix his salary. The statute, however, definitely fixed the term and duration of the office by name when created by the town board. Thus, the Legislature determined that the term of the office of the person appointed should continue until the first day of January next succeeding the first biennial town election held after the time of his appointment. No power was granted to the town board by the Legislature to change the length of the term of office, without which the town board could not affect the duration of the term of the appointee (*Matter of Litt* v. *Emery*, 80 Hun, 380; affd., 144 N. Y. 628). Public policy denies the right to the parties, by agreement, to fix the duration of the term. No power was granted by the Legislature to the town board to remove the town attorney. He was not a mere employee of the town. Since the office was a *public office with a fixed statutory term*, the petitioner could be removed only by proceedings under section 36 of the Public Officers Law (Cons. Laws, ch. 47) (*People ex rel. Griffin* v. *Lathrop*, 142 N. Y. 113, 116; *People ex rel. Cline* v. *Robb*, 126 N. Y. 180, 183; *Matter of Shatter* v. *Moses*, 241 App. Div. 485, 486). The fact that petitioner agreed that he would serve

during the pleasure of the board only cannot change the result. Such an agreement and the acceptance of the office thereafter do not bar petitioner from the right and title to the office to which he was appointed for the full term fixed by statute (*Matter of Litt* v. *Emery, supra;* *People ex rel. Lane* v. *Case*, 64 Hun, 636). Neither the doctrine of waiver nor estoppel has any application to such a case where salary or tenure of office is fixed by statute (*People ex rel. Ryan* v. *French*, 91 N. Y. 265; *Pitt* v. *Board of Education*, 216 N. Y. 304; *State ex rel. County Attorney* v. *Willott*, 103 Neb. 798; *Stadler* v. *City of Detroit*, 13 Mich. 346; Cf. *Quayle* v. *City of New York*, 278 N. Y. 19, 22).

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.