■ MARILYN FRIEDMAN et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— In an action by a wife to recover damages for personal injury sustained by reason of a fall upon a defective public sidewalk, and by her husband for loss of services, the plaintiffs appeal from an order of the Supreme Court, Queens County, entered January 19, 1965 upon reconsideration, which adhered to the court's original decision and denied their application for a general preference in trial. Order reversed, without costs; plaintiffs' application for a preference in trial granted; and action remitted to the court below for the purpose of placing it in the appropriate position on the trial calendar. In our opinion, under the circumstances disclosed by this record, it was an improvident exercise of discretion to deny the preference. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ PARSLA GERKE, Respondent, v. JOHN DOHERTY, Appellant, et al., Respondent.— In a negligence action to recover damages for personal injury sustained as a result of an automobile accident, the defendant John Doherty appeals from an order of the Supreme Court, Suffolk County, entered September 3, 1964, which granted plaintiff's motion to discover and inspect all written statements relating to the accident which the said defendant had given to his automobile liability insurance carrier. Order reversed on the law, without costs, and motion denied (see *Finegold* v. *Lewis*, 22 A D 2d 447; *Kandel* v. *Tocher*, 22 A D 2d 513). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ In the Matter of JANET M. SEIFRIED et al., Appellants, v. TOWN OF CLARKSTOWN et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR, to review and to annul a determination of the Town Board of the Town of Clarkstown, in effect removing the petitioners from office as members of the Town Planning Board without cause shown and without a hearing, the petitioners appeal from an order of the Supreme Court, Rockland County, entered March 25, 1964, which on respondents' motion, made before answer pursuant to statute (CPLR 7804, subd. [f]), dismissed the petition on the ground that the Town Board's determination was a legislative act not reviewable by the court in an article 78 proceeding. Order reversed, with $10 costs and disbursements, and respondents' motion denied. Respondents' time to answer the petition is extended until 30 days after entry of the order hereon. In our opinion, the Town Board's action was administrative and not legislative. By abolishing the then existing Planning Board and immediately appointing a new Planning Board with different members, the Town Board in effect removed petitioners from office without cause and without a public hearing, in contravention of section 271 of the Town Law. Under such circumstances, an article 78 proceeding is petitioners' proper remedy (CPLR 7803). We find the petition sufficient in law. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.