Jack Stanislaw, J.
This article 78 proceeding is brought: (1) to annul the resolution of the Town Board of Babylon which *408 purportedly removed petitioners from their office as members of the Board of Appeals; (2) to reinstate petitioners as members of the Board of Appeals with seniority as of the date of their purported removal; and (3) to direct respondents to pay all back compensation due petitioners since their dismissal.
Petitioners contend the dismissal was arbitrary, capricious and illegal and without the due process prescribed by section 267 of the Town Law. The relevant portions of that section are as follows: “ Such town board shall appoint a board of appeals consisting of five members. * * * Of the members of the board first appointed, one shall hold office for the term of one year, one for the term of two years, one for the term of three years, one for the term of four years, one for the term of five years from and after his appointment; provided, however, that such town board may, by resolution, increase the number of members of the board to seven, and provide for their compensation and thereafter such additional members shall be first appointed for terms of two and four years respectively.
* * * The town board shall have the power to remove .any member of the board for cause and after public hearing.” (Emphasis supplied.) It should be noted that the statute makes no provision for any other means of removal of a member of the Board of Appeals prior to the expiration of his term of appointment.
■Section 24 of the Town Law prescribes the term of office of certain elected and appointed officers of the town and provides that: “ All other appointed officers and employees shall hold their respective offices and positions at the pleasure of the town board, except as otherwise provided by law” (in this case, as provided by § 267).
Pursuant to section 267 of the Town Law, by resolution of the Town Board at a meeting held on November 21, 1967, the Board of Appeals was increased from five to seven members, with terms of two and four years, respectively, for the additional members, at a compensation of $5,000 each per annum. By further resolution of the board, petitioner Sheldon was appointed a member of the Board of Appeals for the newly created four-year term and petitioner Broderick appointed for the two-year term. In accordance with section 25 of the Town Law, both petitioners signed and filed their oath of office, entered upon their duties as members of the Board of Appeals and were paid for their services by the Town of Babylon, commencing June 22, 1967.
A change of membership of the Town Board was thereafter effected and by resolution dated February 2, 1968, the new *409 Town Board: (1) repealed the resolution of the prior board which expanded the membership of the Board of Appeals from five to seven; (2) rescinded the resolution which appointed petitioners as additional members of the Board of Appeals; and (3) terminated petitioners’ services, effective immediately. Petitioners were not advised of any cause for their dismissal nor were they afforded a public hearing thereon, as prescribed by section 267.
Respondents, constituting the new Town Board, urge that the resolutions of the prior board were violative of a local .ordinance and therefore invalid. Section 1 of article XV of the Building Zone Ordinance of the town provides the following introductory language: ‘ ‘ There shall be a Board of Appeals consisting of five (5) members appointed by the Town Board. Such Board of Appeals shall, consistent with the Town Law, determine its own rules of procedure ” (and then sets forth the powers of the Board of Appeals). Relying upon the above-quoted language, respondents contend that the increase in the membership of the Board of Appeals from five to seven was illegal; that a town ordinance cannot be repealed or amended by resolution; and that by reason of the prior board’s failure to follow the procedures prescribed by the Town Law to amend article XV of the Building Zone Ordinance (which refers to a five man Board of Appeals), before adopting the resolution to increase the membership to seven, all resolutions relating thereto are invalid and were properly rescinded and repealed, pursuant to section 93 of the Town Law, by the incumbent board. Respondents further urge that their repeal of the prior resolutions was a legislative act which cannot be reviewed by this court and move to dismiss the petition.
This court, however, does not construe article XV of the Building Zone Ordinance of the Town of Babylon, as restricting the membership of the Board of Appeals. The power and procedures of the Town Board to appoint a Board of Appeals for the purpose of zoning and planning are derived, not from the town’s Building Zone Ordinance, but from section 267 of the Town Law. Since there is a presumption of regularity with respect to all statutes and ordinances, the ordinance must be construed to comply with section 267. Moreover, section 130 of the Town Law (entitled Town Ordinances) provides: “ The town board after a public hearing may enact, amend and repeal ordinances, rules and regulations not inconsistent with law ’ ’ (emphasis supplied). Thus, since section 267 specifically authorizes a Town Board to increase the membership of the Board of Appeals from five to seven, by resolution, we cannot *410 construe the above-quoted introductory language of the Building Zone Ordinance to limit the clear legislative mandate of section 267.
Nor can we agree with respondents’ contention that an article 78 proceeding, in the nature of mandamus, does not lie to review respondents’ dismissal of petitioners as members of the Board of Appeals. The issue before us is not whether the respondent board, or any subsequent Town Board, may resolve to reduce the number of members of the Board of Appeals from seven to five. The question is whether, after having appointed a town official for a fixed term, the Town Board may thereafter .remove such official, prior to the expiration of his term, without cause and without following the removal procedures prescribed by law, merely by adopting a resolution to eliminate the office. The Court of Appeals, in Matter of Sullivan v. Taylor (279 N. Y. 364) responded to that precise question in the negative.
The Sullivan case (supra) involved the dismissal of a Town Attorney by the Town Board, prior to the expiration of his term of office (as prescribed by Town Law, § 24). A Town Board is not compelled to appoint a Town Attorney, but section 24 of the Town Law provides that whenever a Town Attorney is appointed, he shall hold his office until the first day of January next succeeding the first biennial town election held after the time of his appointment. In Sullivan (supra) the Town Attorney was appointed for the term commencing January 1, 1936, so that by statute his term did not expire until December 31, 1937. The petitioner attorney had agreed, before the adoption of the resolution creating the office, that he would be removable at the pleasure of the board and the resolution so provided. The respondent board contended, therefore, that the attorney could be dismissed prior to the statutory two-year term. It was held, however, that since petitioner’s term of office was fixed by statute, it could not be changed either by prior agreement or by resolution of the Totvn Board. Reversing the decision of the court below and affirming the order of mandamus granted by Special Term (which directed the Town Board to recognize petitioner as the Town Attorney and pay his salary from the date of dismissal), the Court of Appeals stated (p. 369): “ By the provisions of the Town Law above referred to, the Legislature left with the town board the right to create the office of town attorney, to appoint the incumbent and to fix his salary. The statute, however, definitely fixed the term and duration of the office by name when created by the town board. * * * No power was granted to the town board by the Legislature to change the length of the term of *411 office, without which the town board could not affect the duration of the term of the appointee. * * * No power was granted by the Legislature to the town board to remove the town attorney. He was not a mere employee of the town. Since the office was a public office ivith a fixed statutory term, the petitioner could be removed only by proceedings ” specifically prescribed by the Legislature for such purpose. The holding of that case is applicable to the instant application.
Although the Town Law does not compel the Town Board to increase the membership of the Board of Appeals and appoint two additional members, once having made. the appointment, the Town Board is without authority to remove such members, except as provided for under section 267.
This court will not countenance the unilateral and unauthorized dismissal of duly appointed town officials by newly elected members of a Town Board, without due cause or compliance with the procedures mandated by the Legislature, in order to advance their own personal or political motives. To permit the board’s dismissal of petitioners by resolving to reduce the membership of the Board of Appeals would, in effect, permit the board to do by indirection what the law forbids it to do directly. Surely the board’s time could and should be utilized for more productive purposes.
The motion to dismiss is denied and the relief requested by the petitioners herein is granted in all respects.