Jack Stanislaw, J.
Intervenor-respondents Piser and Ford move, pursuant to CPLR 7804, for an order dismissing this article 78 proceeding, contending the petition fails to state a claim as a matter of law. The petition challenges the validity of *571 a rezoning granted by the Town Board of the Town of Brook-haven in the matter of Forwood Holding Corp., on grounds that: (1) proper notice was not given of the public hearing held on February 14, 1968, when the application for the rezoning was heard; (2) one of the members of the Town Board was not present at said public hearing, but subsequently voted in favor of the application; and (3) the decision of the Town Board granting the application constitutes an abuse of discretion, since it was not in conformity with an established plan.
With respect to the first ground (although conceding that art. XXVII, § 85.191, par. E of the Zoning Ordinance of the Town of Brookhaven requires notice by certified or registered mail, return receipt requested, ‘1 to every property owner * * * within the area proposed to be changed in district classification who has not joined in the petition and to every property owner immediately adjacent and directly opposite thereto for a distance of two hundred [200] feet from the perimeter of the property proposed to be changed in district classification ”), movant contends that the failure to serve notice by mail does not invalidate the rezoning, since applicant has complied with the requirements of sections 264 and 265 of the Town Law, prescribing notice by publication in advance of the public hearing.
With respect to the second ground, movant submits the affidavit of George Fuchs (the member of the board who voted for rezoning, although not present at the hearing), which states that he “ discussed the merits of the application with those members of the Town Board who were present at the hearing, and read the minutes of the hearing and studied the paper submitted on behalf of the application ’ ’ before casting his vote.
With respect to the third ground, movant contends that an article 78 proceeding is not the proper procedure to review the acts of a Town Board, since it is a legislative body. While that contention is supported by earlier case law (i.e., Matter of Pelham Jewish Center v. Board of Trustees of Village of Pelham Manor, 9 Misc 2d 564, affd. 6 A D 2d 710 where the court impliedly held that an action for declaratory judgment is the appropriate procedure to challenge the validity of a legislative act), the more recent cases, decided under the new practice, hold: “ If such an application is brought in the wrong form the defect will be corrected without dismissal. CPLR 103(c) ” (Matter of Nowak v. Wereszyoski, 21 A D 2d 427, 430). See, also, Kempf v. Town of Brookhaven (decided by this court on April 2, 1969), as well as Matter of Lakeland Water Dist. v. Onondaga County Water Auth., decided by the Court of Appeals on April *572 16, 1969 (24 N Y 2d 400), where it was held that, since the disputed act was legislative in nature and not subject to article 78 review, the proceeding need not be dismissed but could be treated as an action for declaratory judgment. We find no basis to hold otherwise on the instant application.
The motion to dismiss is denied. This matter is deemed an action for declaratory judgment and the petitions and answers heretofore served are deemed the pleadings herein.
Upon completion of all necessary pretrial proceedings and the filing of a note of issue and statement of readiness, this matter shall be added to the equity part of this court for trial.