OPINION OF THE COURT
Aaron Klein, J.
Petitioner James Betanzos (the former Plattekill Town Police Chief) brings this proceeding under CPLR article 78 and article 10 of the Town Law against the Plattekill Town Supervisor and councilmen seeking an order of this court directing his reinstatement as Plattekill Town Police Chief.
The allegations of the petition dated February 9, 1978 are summarized as follows with the following abbreviations to *90 show how they are responded to by the answer ([A] admitted [D] denied [DKI] denied on information and belief):
(1) Describes the members of Plattekill Town Board and describes Plattekill Town as a municipal corporation located in Ulster County, New York State. (A)
(2) States the petitioner is a resident of Plattekill Town. (A)
(3) States petitioner was appointed to the position of Platte-kill Town Police Department Patrolman on or about May, 1972 and continued to serve in that capacity until January 3, 1977. (D)
(4) States the Plattekill Town Board established a Town Police Department by town board resolution adopted on August 18, 1971. (A)
(5) States petitioner served as part-time police officer with Plattekill Town Police Department from May, 1972 until his appointment as Police Chief on January 3, 1977 by resolution of the town board. (D)
(6) States that after January 3, 1977 and until the reorganization meeting of the Plattekill Town Board on January 3, 1978 petitioner served in his capacity as Plattekill Town Police Chief. (D)
(7) States that petitioner functioned in a professional manner and consistent with the regulations established for the Plattekill Town Constable Department which were carried over to the Plattekill Town Police Department. (DKI)
(8) States that on January 3, 1978 at a Plattekill Town Board reorganization meeting respondents, without cause or section 155 of the Town Law hearing removed petitioner from the office of Police Chief and replaced petitioner with a Richard Jacobowicz who was designated "officer in charge”. (D)
(9) States that the "officer in charge” carries out the same function as the Police Chief. (A)
(10) States that petitioner engaged in no conduct which would give rise to his suspension or dismissal and that no formal charges were every brought against him under article 10 of the Town Law. (DKI)
(11) States the actions of the town board in replacing petitioner were illegal, arbitrary, and capricious and contrary to law because charges were never drawn up and no hearing was afforded petitioner. (D)
(12) States that the reason petitioner was denied his office of *91 Police Chief was because he angered certain political party members on the town board by refusing to cover up "the true purposes of a pre-organization meeting of that party’s town councilmen, i.e., to fill town positions with loyal party members.” (D)
(13) States from January 3, 1978 to the present petitioner has been unlawfully deprived of his position as Plattekill Town Police Chief. (D)
(14) States no previous application has been made for the relief sought. (A)
Plattekill Town’s answer in addition to responding to the petition as described in the foregoing paragraphs interposed four affirmative defenses, to wit:
(1) This court does not have CPLR article 78 jurisdiction to review the failure to reappoint petitioner because such act was legislative in nature and CPLR article 78 review does not lie to review such acts.
(2) Petition fails to state a cause of action.
(3) At the January 3, 1977 reorganization meeting petitioner’s appointment as Police Chief was to be "at the pleasure of the Board.” Under the circumstances of having accepted employment applicant should not be heard to assert he was dismissed or discharged from his duties, when in fact he was merely not reappointed.
(4) Section 155 of the Town Law is inapplicable because it deals with removal of a police officer from his position for cause. In this case petitioner was merely not reappointed, there was no removal for cause.
DECISION
Preliminarily this court is asked to determine whether CPLR article 78 is the proper procedure to review the act of a town board in refusing to reappoint a particular person to the position of Police Chief. It is argued that the act of appointment is a legislative act which is not properly reviewable in a CPLR article 78 proceeding. While earlier case law recognized that legislative acts are not properly reviewable in CPLR article 78 proceedings, the more recent view is not to dismiss the proceeding for this reason, but rather to convert the proceeding to its proper form under CPLR 103 (subd [c]) (see Jacinto v Barraud, 60 Misc 2d 570-572) and authorities offered therein. Following the modern view this court would not *92 dismiss the petition as improperly seeking CPLR article 78 review of a legislative act, but would permit the proceeding to continue as an action for declaratory judgment with the petition and answer heretofore served being deemed the pleadings.
More troublesome, however, is the defense that the petition does not state a cause of action even if the allegations contained therein are accepted as true.
In its research the court has found three cases which appear to have some bearing on whether the petition alleges a cause of action (Matter of Stetler v Town Bd. of Town of Amherst, 46 AD2d 1006; Matter of Hammer v Veteran, 86 Misc 2d 1056, affd 53 AD2d 629; and Matter of Sheldon v Stabile, 57 Misc 2d 407, 410).
In Stetler (supra) the petitioner was appointed to the position of town deputy supervisor on January 4, 1974. Notwithstanding that the town board created this position pursuant to section 42 of the Town Law on March 10, 1958, a newly elected town board voted 6 to 1 to abolish the deputy supervisor position on January 1, 1974. Special Term annulled the town board’s decision to abolish the position and the Appellate Division by a 3 to 2 vote held Special Term’s decision to be error. The Appellate Division majority relied primarily on its analysis of section 42 of the Town Law finding nothing in that section to limit the authority of a town board to eliminate the position it created. Quoting Anker v Dibble (236 App Div 613, 614) the court said: "The general rule, when not qualified by positive law, is that the power which creates an office may abolish it in its discretion and this rule applies to municipal offices created by the act of some municipal body.”
The two dissenters in Matter of Stetler v Town Bd. of Town of Amherst (supra) did not offer an authority for their position other than the reasoning that the majority opinion appeared to eliminate the supervisor’s authority under section 42 of the Town Law to appoint his deputy.
In Matter of Hammer v Veteran (supra) an unsalaried member of an environmental quality control commission was unsuccessful in attempting to (1) reverse a town board’s decision not to appoint him to the commission, and (2) to expunge an opinion by the Town Board Ethics Committee that petitioner should not be reappointed because of a conflict of interest involving representation as an attorney of certain civic groups in the town.
*93 In Matter of Sheldon v Stabile (57 Misc 2d 407, 410, supra) the court said: "The question is whether, after having appointed a town official for a fixed term, the Town Board may thereafter remove such official, prior to the expiration of his term, without cause and without following the removal procedures prescribed by law, merely by adopting a resolution to eliminate the office: The Court of Appeals, in Matter of Sullivan v. Taylor (279 N. Y. 364) responded to that precise question in the negative.” In Sullivan (supra, p 369) the Court of Appeals held that section 24 of the Town Law did not give a town board authority to remove the town attorney prior to expiration of his fixed statutory term without following the hearing procedures specified in the Town Law, because that office "was a public office with a fixed statutory term”.
In the instant case the court believes the facts are distinguishable from Matter of Sheldon v Stabile (supra) and Matter of Sullivan v Taylor (supra). This case involves a part-time town police officer who works no more than 20 hours per week and who is subject to reappointment on a year to year basis. The petitioner was not removed from the police force prior to the expiration of a fixed term; he was merely reappointed to the position of police chief for a new term. The town board’s action here did not result in the termination of petitioner from the Plattekill Town police force. Petitioner is paid the same now as he was prior to the town board’s decision not to reappoint him as Police Chief and is still a member of the department.
Section 150 of the Town Law does not provide any fixed statutory term for the office of chief of police. Section 150 of the Town Law appears to give the town board broad authority to "appoint a chief of police and such officers and patrolmen as may be needed and fix their compensation.”
The court does not find that the town board’s failure to reappoint petitioner as Police Chief constituted a suspension or dismissal of petitioner as "a member of such police department” requiring a section 155 of the Town Law hearing. Section 155 of the Town Law deals with discipline where there is some alleged wrongdoing by a police officer. Here there is no alleged wrongdoing. Reading section 58 of the Civil Service Law as advisory only, since petitioner’s part-time police position is apparently not covered by the Civil Service Law, there is serious question as to whether a "Police Chief’ is "a police officer” under New York law.
*94 The court finds that here petitioner seeks to question a discretionary decision by a town board to not reappoint petitioner to the position of Police Chief after the expiration of a fixed term. Petitioner has not provided the court with any authority to show how the town board exceeded its statutory power or any employment agreement or promise it made to petitioner.
The court will not interfere with a town board decision unless it is clear that the town board acted arbitrarily, capriciously, or beyond its statutory authority. Petitioner, here, has not satisfied the court that there is any legal basis upon which the court may interfere with the questioned town board action.
The relief requested by petitioner here is denied, and the petition is dismissed for failure to state a cause of action.