OPINION OF THE COURT
Roy S. Mahon, J.
The petition by petitioners brought by order to show cause for an order pursuant to article 78 of the CPLR declaring that, absent cause, the County Executive of Nassau County is, pursuant to Real Property Tax Law § 523-b and Nassau County Charter § 203 (1), without the authority to remove Assessment Review Commission (ARC) Commissioners prior to the expiration of their statutory terms; permanently enjoining the County Executive and the County of Nassau from, absent cause, taking any action to effect the removal of the petitioners prior to the expiration of their respective statutory terms; temporarily staying, pending the resolution of this proceeding, the hearing scheduled by the County for purposes of effecting the removal of the petitioners and directing the County to certify to the Comptroller of Nassau County the entitlement of the petitioners to the reasonable legal fees incurred in this proceeding, is determined as hereinafter provided:
By letter dated January 14, 2010, the respective petitioners, Dolores Sedacca, John R. Lewis, Jr. and Israel Wasser, received correspondence from Joseph Nocella, Esq., counsel to the Nassau County Executive, which in its entirety set forth:
“Pursuant to Section 203 of the Nassau County Charter, the County Executive is removing you from office as a Commissioner of the Nassau County Assessment Review Commission (‘ARC’). This letter provides you with notice of the reasons for your removal and of your opportunity to be heard, if you so desire.
“The new County Executive has made fixing problems in Nassau County’s assessment system and reducing the vast, annual expenditure of taxpayer dollars to pay for successful assessment grievances top priorities of his administration. To achieve these *416 goals, the County Executive must select his own Commissioners of ARC to promote and implement the new administration’s plans and policies.
“The County Executive has also made reducing the costs of government a priority. Consequently, all new ARC Commissioners appointed by him will receive salaries lower than their predecessor ARC Commissioners.
“Further, your appointment was made by the previous County Executive in the last weeks of his outgoing administration and was approved by the Legislature on December 21, 2009, the last session of its previous two-year term. To allow the previous Executive and the prior Legislative term to extend their influence for years beyond the end of their elected offices would not only frustrate the mandates of the newly-elected County Executive and County Legislators, but it would also frustrate the will of the voters.
“Although Section 203 of the Nassau County Charter provides that the decision of the County Executive shall be final, you are nonetheless entitled to an opportunity to be heard, if you desire. Accordingly, a hearing has been scheduled for Wednesday January 20, 2010 at 5:00 p.m. in the County Executive’s ceremonial chambers located at 1550 Franklin Avenue, Mineóla, NY. If you prefer to waive your right to a hearing, or if you desire a hearing and wish it to be open to the public, please indicate on the enclosed form and fax to my attention at 516-571-1308.”
Section 203 of the Nassau County Charter referenced in the preceding correspondence provides:
“§ 203. Responsibility for administration; powers of appointment and removal.
“1. It shall be the duty of the County Executive to supervise, direct, and control, subject to the provisions of the act, the administration of all departments, offices and functions of the county government. In the exercise of this responsibility, the County Executive shall be authorized, in addition to such other powers as may be necessary to maintain the efficient operation of county government, to develop, maintain and administer services on a county-wide basis that are common needs of all *417 departments of county government, including, but not limited to, personnel and labor management; building security; management of county-owned vehicles; planning of space requirements, management, assignment and use of county owned buildings and grounds; the provision of services to departments involving relations with the press and photography, mail, printing, reproduction and graphic art; grant application and administration; and the receipt and response to communications from members of the public. The County Executive shall, appoint, except as otherwise provided in this act, subject to confirmation by the County Legislature, the head of every county department and office and members of county boards and commissions. The County Executive may at any time remove any person so appointed; provided that in the case of members of boards and commissions appointed for definite terms, no removal shall be made until the person to be removed has been [served] with a notice of the reasons for such removal and given an opportunity to be heard, publicly if he or she desires, thereon by the County Executive. The decision of the County Executive shall be final. The County Executive shall also appoint without confirmation by the County Legislature, and remove at his or her pleasure, the employees in his or her own office and such employees shall not be members of the classified service.
“2. Not later than the fifteenth day of the months of January, April, July and October in each year, the County Clerk shall publish a list of the existing vacancies in any county board or commission subject to the provisions of this section.
“3. The County Executive may establish from time to time such advisory committees or similar bodies as the County Executive may determine to be necessary or desirable for the promotion of the public health, safety or welfare in the county, to encourage economic development in the county or for the promotion of any other objective or the attainment of any other goal determined by the County Executive to be a proper public purpose. In addition, the County executive may recognize as such an advisory committee any group or organization then existing that serves any such purpose. Any such advisory *418 committee or similar body shall have such duties as may be assigned to it by the County Executive. It is understood that the recognition of any particular group or organization as an advisory committee or similar body shall not confer or be deemed to confer upon such group or organization any greater rights or privileges than hereafter created or recognized by the County Executive as an advisory committee or similar body.”
In response to said correspondence, the petitioners’ correspondence dated January 15, 2010 sought representation by the Nassau County Attorney in light of their respective positions as Nassau County ARC Commissioners and the resulting defense afforded to county officers pursuant to section 1102 of the Nassau County Charter. By correspondence also dated January 15, 2010, the County Attorney advised the petitioners:
“I am in receipt of your letter dated January 15, 2010 requesting representation of the County Attorney on January 20, 2010 in connection with a proceeding before the County Executive pursuant to § 203 of the Nassau County Charter.
“Due [to] the fact that this Office is charged with the representation of the County Executive as well as the County and its officers and employees, I have determined that appearance on your behalf at the upcoming proceeding on January 20th would likely constitute a conflict. Pursuant to the authority vested in me by the County Charter § 1101 and § 1102 this office has retained independent special counsel to represent you.
“My office has retained Anthony Castro, Esq. who will be working of Counsel to Lovett & Bellantoni, LLI] at 37A Saw Mill River Road, Route 9A, Hawthorne, New York 10532. The phone number of the firm is 1-914-347-4500 and the cell number for Mr Castro is xxx-xxx-xxxx.
“Please feel free to contact counsel at your earliest convenience.”
Pursuant to the provisions of section 22-2.8 (1) and (2) (a) and (b) of the Nassau County Administrative Code (L 1939, chs 272, 701-709, as amended), the petitioners Sedacca, Lewis and Wasser declined representation by the firm retained by the County Attorney and sought representation of their own private counsel who have appeared in the instant proceeding. The foregoing sections provide:
*419 “§ 22-2.8 Defense and indemnification of County officers and employees.
“1. As used in this section, unless the context otherwise requires the terms ‘County officer’ and ‘County employee’ shall mean any person holding a position by election, appointment or employment in the service of the County, whether or not compensated, or a volunteer expressly authorized to participate in a county sponsored volunteer program, but shall not include an independent contractor. For the purposes of this law the terms, ‘County Officer’ and ‘County Employee’ shall include members of all boards and commissions of the County, the members of the Board of trustees of Nassau Community College, the Board of managers of Nassau County Medical Center, the members of the Nassau County Industrial Development Agency, the members of the Nassau County Local Development Corporation and the members and directors of the Nassau County Tobacco Settlement Corporation. The terms County Officer and County employee shall also include a former employee member or director, his estate or judicially appointed personal representative.
“2. (a) Upon compliance by the employee with the provisions of subdivision four of this section, the County shall provide for the defense of the employee in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties, or which is brought to enforce a provision of section nineteen hundred eighty-one or nineteen hundred eighty-three of title forty-two of the United States code. This duty to provide for a defense shall not arise where such civil action or proceeding is brought by or on behalf of the County.
“(b) Subject to the conditions set forth in paragraph (a) of this subdivision, the employee shall be entitled to be represented by the County Attorney, provided, however, that the employee shall be entitled to representation by private counsel of his choice in any civil judicial proceeding whenever the County Attorney determines based upon his investigation and review of the facts and circumstances of the case *420 that representation by the County Attorney would be inappropriate, or whenever a court of competent jurisdiction, upon appropriate motion or by a special proceeding, determines that a conflict of interest exists and that the employee is entitled to be represented by private counsel of his choice. The County Attorney shall notify the employee in writing of such determination that the employee is entitled to be represented by private counsel. The County Attorney may require, as a condition to payment of the fees and expenses of such representation, that appropriate groups of such employees be represented by the same counsel. If the employee or group of employees is entitled to representation by private counsel under the provisions of this section, the County Attorney shall so certify to the Comptroller. Reasonable attorneys’ fees and litigation expenses shall be paid by the County to such private counsel from time to time during the pendency of the civil action or proceeding subject to certification that the employee is entitled to representation under the terms and conditions of this section by the head of the department, commission, division, office or agency in which such employee is employed and upon the audit and warrant of the Comptroller. Any dispute with respect to representation of multiple employees by a single counselor, the amount of litigation expenses or the reasonableness of attorneys’ fees shall be resolved by the court upon motion or by way of a special proceeding.
“(c) Where the employee delivers process and a request for a defense to the County Attorney as required by subdivision four of this section, the County Attorney shall take the necessary steps including the retention of private counsel under the terms and conditions provided in paragraph (b) of subdivision two of this section on behalf of the employee to avoid entry of a default judgment pending resolution of any question pertaining to the obligation to provide for a defense.”
The respondents submit that based upon a request of the petitioners and with the consent of the respondent Nassau County Executive, the hearing originally noticed for January 20, 2010 was adjourned to January 26, 2010.
The petitioners Sedacca, Lewis and Wasser, through counsel, gave notice pursuant to the provisions of 22 NYCRR 202.7 to *421 the County Attorney that the instant order to show cause containing the proposed temporary restraining order would be presented for signature on January 26, 2010 at 2:00 p.m. At that time, after oral argument, the court signed the order to show cause containing the temporary restraining order and directed that the court would conduct a further hearing as to the temporary restraining order on January 29, 2010. The court orally advised that, at that time, the court would accept submissions from the respondents as to the issues contained in the order to show cause.
On the evening of January 28, 2010 the court received a fax correspondence dated January 28, 2010 from Rory J. Bellantoni, Esq., of Lovett & Bellantoni, LLP, the Hawthorne, New York law firm set forth in the County Attorney’s January 15, 2010 correspondence (see supra). Amongst other things, said correspondence, which was copied to the County Attorney and counsel to the County Executive, set forth that said firm represented three members of the nine-member Assessment Review Commission other than the three petitioners named in the instant order to show cause and:
“My clients would suffer a manifest injustice if Your Honor continued to stay against the firing and or removal of the ARC Commissioners named in the action before Your Honor, but the County nonetheless proceeded to terminate those ARC Commissioners not named as Plaintiffs. Indeed, I would expect that the County Executive, as a well accomplished attorney would recognize such a manifest injustice, notwithstanding the fact that he may disagree with Your Honor’s ruling.
“In an effort not to expose my clients to a different outcome than that of the Commissioners before Your Honor, I most respectfully request that Commissioners Stern, Kelly and Bhalla be permitted to intervene in tomorrow’s proceedings on the same grounds as articulated by Plaintiffs Stern, Wasser and Sedacca and be granted any and all relief as may be granted to said Commissioner/Plaintiff.
“As I have been in constant communications with Joseph Nocela, Esq., Counsel to the County Executive, regarding my theories of this case, my strategy and case law relied on in an attempt to resolve this matter without court intervention, there will be no surprise to the County by granting my clients *422 permission to intervene; and as I advance no legal arguments beyond those already advanced by Mr. Gartner, there will be no surprise with respect to my legal position. I have even provided Mr. Nocella with copies of cases and or cites to cases I believe are pertinent to this matter.”
In response to the correspondence, Mr. Bellantoni was advised by the court’s Law Secretary that the court does not entertain any letter application and that the requested relief of intervention should be made on the record on January 29, 2010 at the hearing previously scheduled by the court.
At the January 29, 2010 hearing, the respondents’ opposition was submitted.
Upon oral application, the application of Commissioners Dermot Kelly, Allan Stern and Varinder Bhalla to intervene was granted with the consent of counsel for the petitioners Sedacca, Lewis and Wasser and counsel for the respondents. The latter counsel submitted that the relief requested by the three Commissioner petitioners and the three Commissioner intervenors could not be afforded to the three remaining Commissioners of the Assessment Review Commission who had not appeared or intervened in the proceeding. Said contention was confirmed by the court. The petitioners offered a supplemental/reply affirmation and the respondents offered no additional submissions. The intervenors offered no written submission but joined in the petitioners’ submission. The court directed the petitioners’ counsel to submit an order amending the caption to reflect the intervention.
To the extent that the court signed a proposed order submitted by the respondents on February 3, 2010 and dated that date, which contained relief other than that requested by the court at the January 26, 2010 hearing to be submitted to the court by counsel for the petitioners Sedacca, Lewis and Wasser, the court, sua sponte, vacates said February 3, 2010 order. Based upon a telephone conversation with counsel for the respective parties and counsel for the proposed intervenors on February 3, 2010 which directed further submissions on February 4, 2010, the court simultaneously with this order is signing the proposed order submitted by the petitioners as the court’s determination as to intervention.
The petitioners in substance premise the requested relief upon the provisions of section 523-b (1) and (2) of the Real Property Tax Law. Said section provides:
*423 “§ 523-b. Assessment review commission
“1. The county of Nassau acting through its local legislative body is hereby authorized and empowered to adopt the following as an alternative to section five hundred twenty-three of this title.
“2. (a) There shall be an assessment review commission to consist of nine commissioners who shall be appointed by the county executive subject to approval of the legislature, for a term of five years except as specified in paragraph (c) of this subdivision. One commissioner shall be designated chairman and shall serve for a term of three years. Each commissioner shall have at least five years business experience in the field of real estate or real estate law or attend such training courses as shall be prescribed by the state board pursuant to section five hundred twenty-three of this title. No more than six commissioners shall at any one time be enrolled voters of the same political party.
“(b) The members of the board of assessment review serving immediately prior to the creation of the assessment review commission shall be appointed to initial terms as commissioners of the assessment review commission.
“(c) The terms of the nine commissioners first appointed pursuant to this section shall be two members for one year, two members for two years, two members for three years, two members for four years, and one member for five years.
“(d) The assessment review commission shall be charged with the duty of reviewing and correcting all assessments of real property made pursuant to the provisions of title one of this article.
“(e) The compensation for the commissioners of the assessment review commission shall be determined and fixed by resolution of the local legislative body.”
Said section 523-b was adopted by the Nassau County Legislature as section 6-40.0 et seq. of the Nassau County Administrative Code. Of significance to the instant proceeding, sections 6-40.0 and 6-40.1 (a) of the Administrative Code provide:
“§ 6-40.0 Legislative intent. Section 523-b of the Real Property Tax Law authorizes and empowers the Nassau County Legislature to create an Assess *424 ment Review Commission to review applications for corrections of assessments for tax purposes between the first day of January and the last day of December each year. The Nassau County Legislature finds the creation of an Assessment Review Commission to be in the best interests of the residents and taxpayers of Nassau County.”
“§ 6-40.1 Establishment of Assessment Review Commission.
“a) There shall be an Assessment Review Commission to consist of nine commissioners who shall be appointed by the County executive subject to approval of the County Legislature, for a term of five years except as specified in paragraph (c) of this section. One commissioner shall be designated chairman and shall serve for a term of three years. Each commissioner shall have at least five years’ business experience in the field of real estate, real estate law in a public agency or in a municipal department and shall attend such training courses as shall be prescribed by the State Board of Equalization and assessment pursuant to section 523 of the Real Property Tax Law. Not more than six commissioners shall at any one time be enrolled voters of the same political party.
“b) The members of the Board of Assessment Review serving immediately prior to the creation of the Assessment Review Commission shall be appointed to initial terms as commissioners of the Assessment Review Commission.
“c) The terms of the nine commissioners first appointed pursuant to this section shall be two members for one year, two members for two years, two members for three years, two members for four years, and one member for five years.
“d) The compensation for the Commissioners of the Assessment Review Commission shall be determined and fixed by the County Legislature and shall be set forth in the ordinance or resolution confirming the appointment of the nine commissioners of the Assessment Review Commission.”
The respective parties to the proceeding agree that while there is a clear method of appointment set forth in the respective sections, the statutory language of both section 523-b and section 6-40.0 is silent as to the method of removal, if any.
*425 In paragraphs 21 and 22 of the petitioners’ petition, the petitioners set forth:
“21. It is settled law that members of boards of assessment review may be removed from office prior to the expiration of their statutory terms solely pursuant to NY Public Officers Law § 36 or Civil Service Law § 75, ie., for ‘cause,’ meaning proven malfeasance or incompetence. See, e.g. 4 Op Counsel S.B.E.A. No. 27 (copy annexed hereto as Exhibit ‘3’). Accord, 11 Op. Counsel SBRPS No. 95, 2007 WL 3318172 (NY State Bd. Real Prop. Services).
“22. As explained in Opinion 88-49 of the New York State Office of the Comptroller (Exhibit ‘7’):
“The courts in this state have held that once a public officer is appointed to an office with a fixed statutory term, the officer can be removed from office prior to the expiration of his term only by proceeding under section 36 of the Public Officers Law (Sullivan v Taylor, 279 NY 364, 18 NE2d 531; see also Betanzos v Green, 95 Misc 2d 89, 407 NYS2d 385; Sheldon v Stabile, 57 Misc 2d 407, 293 NYS2d 3; Collins v City of Schenectady, 256 AD 389, 10 NYS2d 203).”
The petitioners’ contentions as set forth in the cited preceding paragraphs as to the applicability of Public Officers Law § 36 and/or Civil Service Law § 75 are misplaced by a reading of the cited sections. Public Officers Law § 36 states:
“§ 36. Removal of town, village, improvement district or fire district officer by court
“Any town, village, improvement district or fire district officer, except a justice of the peace, may be removed from office by the supreme court for any misconduct, maladministration, malfeasance or malversation in office. An application for such removal may be made by any citizen resident of such town, village, improvement district or fire district or by the district attorney of the county in which such town, village or district is located, and shall be made to the appellate division of the supreme court held within the judicial department embracing such town, village, improvement district or fire district. Such application shall be made upon notice to such officer of not less than eight days, and a copy of the charges upon which the application will be made must be served with such notice.”
*426 Said section by its terms is inapplicable to county commissioners and in particular to a Nassau County commissioner. The respective petitioners have not offered any submission as to the petitioners’ civil service classification, and section 75 of the Civil Service Law, by its terms, does not embrace appointed commissioners in the petitioners’ capacity. In pertinent part, section 75 provides:
“§ 75. Removal and other disciplinary action “1. Removal and other disciplinary action. A person described in paragraph (a) or paragraph (b), or paragraph (c), or paragraph (d), or paragraph (e) of this subdivision shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section.
“(a) A person holding a position by permanent appointment in the competitive class of the classified civil service, or
“(b) a person holding á position by permanent appointment or employment in the classified service of the state or in the several cities, counties, towns, or villages thereof, or in any other political or civil division of the state or of a municipality, or in the public school service, or in any public or special district, or in the service of any authority, commission or board, or in any other branch of public service, who was honorably discharged or released under honorable circumstances from the armed forces of the United States having served therein as such member in time of war as defined in section eighty-five of this chapter, or who is an exempt volunteer firefighter as defined in the general municipal law, except when a person described in this paragraph holds the position of private secretary, cashier or deputy of any official or department, or
“(c) an employee holding a position in the noncompetitive class other than a position designated in the rules of the state or municipal civil service commission as confidential or requiring the performance of functions influencing policy, who since his last entry into service has completed at least five years of continuous service in the non-competitive class in a position or positions not so designated in the rules as confidential or requiring the perform *427 anee of functions influencing policy, or
“(d) an employee in the service of the City of New York holding a position as Homemaker or Home Aide in the non-competitive class, who since his last entry into city service has completed at least three years of continuous service in such position in the non-competitive class, or
“(e) an employee in the service of a police department within the state of New York holding the position of detective for a period of three continuous years or more; provided, however, that a hearing shall not be required when reduction in rank from said position is based solely on reasons of the economy, consolidation or abolition of functions, curtailment of activities or otherwise.”
The cases set forth in the State Comptroller’s opinion referenced in the petitioners’ paragraph 22 (supra) with the exception of Matter of Collins v City of Schenectady (256 App Div 389 [1939], supra), respectively deal with removal proceedings related to town officers and members of town boards. As such, the rationale of the applicability of Town Law § 36 to the manner of removal of town officers is succinct and clear but inapplicable to the statutory sections in issue in the instant proceeding. The Court in Collins v City of Schenectady addressed the issue of whether a city office created by a city budget ordinance may be eliminated by a resolution of the city or a city ordinance is required. While the court clearly provides guidance as to the manner by which a city may accomplish such an act, the opinion is limited by the court’s own language to that issue.
The petitioners also cited to an opinion of counsel for the predecessor to the Office of Real Property Services to substantiate the requested relief. The opinion opines:
“Board of Assessment Review (removal of member) — Civil Service Law, § 75; Public Officers Law, § 36, Real Property Tax Law, § 1524:
“A member of a board of assessment review may be removed from office pursuant to section 36 of the Public Officers Law and section 75 of the Civil Service Law.
“We have been asked for statutory authority governing the removal of a member from a board of assessment review.
“Section 1524 of the Real Property Tax Law sets forth the law on boards of assessment review. There *428 is no provision in the Real Property Tax Law governing removal of members of such boards, but section 36 of the Public Officers Law, which appears to be self-explanatory, reads as follows:
“ ‘§ 36. Removal of town, village, improvement district or fire district officer by court.
“ ‘Any town, village, improvement district or fire district officer, except a justice of the peace, may be removed from office by the supreme court for any misconduct, maladministration, malfeasance or malversation in office. An application for such removal may be made by any citizen resident of such town, village, improvement district or fire district or by the district attorney of the county in which such town, village or district is located, and shall be made to the appellate division of the supreme court held within the judicial department embracing such town, village, improvement district or fire district. Such application shall be made upon notice to such officer of not less than eight days, and a copy of the charges upon which the application will be made must be served with such notice.’
“However, in the case of Galli v. Barnett, 168 N.Y.L.J., No. 42, p. 17, col. 8 (8-30-72), aff’d, 42 App.Div.2d 840, 346 N.Y.S.2d 761, motion for lv. to app. den., 33 N.Y.2d 516, 348 N.Y.S.2d 1027, a lower court held that section 1524 of the Real Property Tax Law must be read in conjunction with section 75 of the Civil Service Law, which deals with removal and other disciplinary actions against civil service employees. The court in the Galli case stated that members of the board of assessment review cannot be removed except for incompetency or misconduct shown after a hearing upon stated charges pursuant to section 75.” (4 Ops Counsel SBEA No. 27 [1974].)
The court notes that section 1524 of the Real Property Tax Law was repealed by section 28 of chapter 714 of the Laws of 1982. Notwithstanding the inapplicability of a construction of a repealed law, the opinion is based upon an unreported lower court decision in Galli v Barnett (supra). As set forth in the New York Law Journal of August 30, 1972 (at 17, col 8), said opinion stated:
“GALLI, JR., v BARNETT — Petition granted to annul the [resolution] of the Town Board of the Town *429 of Babylon, which removed petitioners from their offices as Assessor and as members of the Board of Assessment Review, to remove the successors to the petitioners appointed by subsequent resolution of the Town Board of the Town of Babylon, and to reinstate petitioners to their respective offices with back compensation since their removal.
“Respondents’ motion to dismiss the petition is denied. The order dated May 22, 1972, has been substantially complied with.
“The pertinent part of section 1522 subd. 7 of the Real Property Tax Law concerning the discharge of the Assessor is as follows: ‘An Assessor may be removed from office for just cause by the appointing authority after a hearing upon notice’. . .
“In our case the assessor was summarily discharged without a hearing. There was not even an allegation as to there being just cause.
“Section 1524 of the Real Property Tax Law must be read in conjunction with Section 75 of the Civil Service Law. Members of the Board of Assessment Review cannot be removed except for incompetency or misconduct shown after a hearing upon stated charges pursuant to Section 75. There was . . . compliance with this section and there was no evidence of incompetency or misconduct.
“In all six situations the former appointees were appointed to [the] office of the Town Board for definite terms of office (see Newman v. Strobel, 236 App.Div. 371, 259 N.Y.S. 402). No right to remove a town officer exists outside of Section 36 of the Public Officers Law (Seifried v. Town of Clarkston, 23 AD2d 795, 259 NYS2d 202 ; Sullivan v. Taylor, 279 N.Y. 364, 18 N.E. 531; Sheldon v. Stabile, 57 Misc 2d 407, 293 NYS2d 33; McQuillin on Municipal Corporations, Section 12.229).
“Settle order.”
The court therein addressed itself therein to the issue of the removal of a town officer rather than a county commissioner as presented herein. Of significance, the court in its recitation of the facts sets forth that the petitioner in Galli v Barnett (supra) did not receive a hearing. Based upon the provisions of section 203 of the Nassau County Charter, the respective petitioners have been afforded the opportunity for a hearing, which the submissions to the court state they have requested.
*430 Petitioners posit the proposition that Nassau County Charter § 203 (1) should be construed to require an allegation of cause for removal in the notice afforded them in this case. “Cause” is defined as
“Each separate antecedent of an event. Something that precedes and brings about an effect or result. A reason for an action or condition. A ground for a legal action. An agent that brings something about. That which in some manner is accountable, for condition that brings about an effect or that produces a cause for the resultant action or state.” (See Black’s Law Dictionary 200 [5th ed 1979].)
By definition, to the extent Nassau County Charter § 203 (1) provides for recitation of the reasons for removal of the petitioners, the need for notice of cause is satisfied. To the extent that petitioners argue that such cause need constitute grounds which support or require a finding of fault by the petitioners based upon intentional wrongdoing or misconduct, a plain reading of the statute reveals an absence of such an element. To construe Nassau County Charter § 203 (1) to require such a showing would amount to judicial legislation which this court declines to undertake (see McKinney’s Cons Laws of NY, Book 1, Statutes §73).
Based upon the respondents’ submission to the court in the respondents’ opposition, the respective petitioners Dolores Sedacca, John R Lewis, Jr. and Israel Wasser were appointed to the position of Commissioner of the Assessment Review Commission by individual resolutions of the Nassau County Legislature on December 21, 2009 (see Resolution Nos. 491-2009, 489-2009, 492-2009). There is no submission from any of the respective parties as to the resolutions regarding the remaining other three petitioners. Said appointments by the Nassau County Legislature were pursuant to the authority of section 203 of the Nassau County Charter and section 6-40.1 of the Nassau County Administrative Code. In order to determine the authority to appoint, duration of term and the issue of removal, the foregoing sections must be read in the conjunctive. While the petitioners may contend that other sections of various laws may be required to interpret the provisions of the Nassau County Charter and the Nassau County Administrative Code, the provisions of these respective statutory provisions are clear and direct (see Statutes § 76). To adopt a construction that would not read the respective statutory sections in harmony *431 would invite an interpretation that renders the power to appoint, the term of office and the power to remove ineffective (see Statutes § 144).
Based upon all of the foregoing, those branches of the petitioners’ application which seek an order pursuant to article 78 of the CPLR declaring that absent cause, the County Executive of Nassau County is, pursuant to Real Property Tax Law § 523-b and Nassau County Charter § 203 (1), without the authority to remove ARC Commissioners prior to the expiration of their statutory terms; an order permanently enjoining the County Executive and the County of Nassau from, absent cause, taking any action to effect the removal of the petitioners prior to the expiration of their respective statutory terms; an order temporarily staying, pending the resolution of this proceeding, the hearing scheduled by the County for purposes of effecting the removal of the petitioners; and an order directing the County to certify to the Comptroller of Nassau County the entitlement of the petitioners to the reasonable legal fees incurred in this proceeding, are all respectively denied.
The temporary restraining order issued herein is hereby vacated.