■ In the Matter of ROBERT T. MOSER, Respondent, v JACOB S. TAWIL et al., Appellants. [24 NYS3d 191]—

In a proceeding pursuant to CPLR article 78 to review a determination to terminate the employment of the petitioner as a part-time code enforcement officer for the City of Middletown Department of Public Works, the appeal is from an order and judgment (one paper) of the Supreme Court, Orange County (Marx, J.), dated December 30, 2013, which, after a hearing, denied the appellants' cross motion to dismiss the proceeding, granted the petition, and annulled the determination.

Ordered that the order and judgment is affirmed, with costs.

The petitioner, Robert T. Moser, was employed by the City of Middletown as a part-time code enforcement officer. On April 27, 2012, the Mayor of Middletown unilaterally decided to abolish that position for economic reasons. At the direction of the Mayor, Middletown's Commissioner of Public Works, Jacob S. Tawil, sent Moser a letter dated April 27, 2012, notifying him of the Mayor's decision and terminating his employment as a part-time code enforcement officer. Moser subsequently commenced this CPLR article 78 proceeding to annul the determination to terminate his employment as a part-time code enforcement officer, and reinstate him to that position, with back pay. Following a hearing, the Supreme Court determined that the Mayor exceeded his authority under the Middletown City Charter (hereinafter the City Charter), and, inter alia, granted the petition.

The questions that may be raised in a CPLR article 78 proceeding include "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Gerber v New York State Dept. of Motor Vehs.*, 129 AD3d 959, 960 [2015]). Here, the Supreme Court correctly concluded that the Mayor did not have the authority to unilaterally abolish the position of part-time code enforcement officer. The City Charter grants the Middletown Board of Estimate and Apportionment the power to create civil service positions in Middletown, by providing that it "shall fix the powers and duties and regulate the salaries and compensation of all city officers and employees" (City Charter § 64). Although the City Charter authorizes the Mayor, with certain limitations, to suspend an employee for cause (*see* City Charter § 54), there is nothing in the City Charter conferring upon the Mayor the authority to unilaterally abolish civil service employment positions. "The general rule, when not qualified by positive law, is that the power which creates an office may abolish it in its discretion and this rule applies to municipal offices created by the act of some municipal body" (*Anker v Dibble*, 236 App Div 613, 613-614 [1932]; *see Matter of Dougherty v Makowski*, 49 AD2d 424, 428 [1975]). Having been granted the power to create civil service employment positions in Middletown, it is the Board of Estimate and Apportionment, and not the Mayor, that is vested with the power to abolish them (*see Matter of Dougherty v Makowski*, 49 AD2d at 428; *Anker v Dibble*, 236 App Div at 613-614). Accordingly, the Supreme Court properly, inter alia, granted the petition and annulled the determination

944

to terminate Moser's employment as a part-time code enforcement officer (*see* CPLR 7803 [3]).

In light of our determination, we need not reach the parties' remaining contentions. Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.