(117 App. Div. 788)

PEOPLE ex rel. CURREN v. COOK, Auditor of Board of Education, et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1907.)

MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL—TRIAL OF CHARGES—PAY.

   Greater New York Charter, Laws 1901, p. 454, c. 466, § 1067, provides that the city superintendent of schools, etc., and any officers, clerks, or subordinates of the board of education, may be removed for cause at any time by a vote of the board and may be suspended pending the trial of charges. *Held*, that where a clerk in a bureau of supplies, who was subject to removal under such section, was suspended pending the trial of charges on which he was subsequently convicted and dismissed, he was not entitled to recover salary during the period between his suspension and dismissal.

Appeal from Special Term.

Mandamus by the people, on relation of Joseph Curren, Jr., against Henry R. M. Cook, as auditor of the board of education of the city of New York, and others. From an order granting relator a peremptory writ, respondents appeal. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Stephen O'Brien (Theodore Connoly, on the brief), for appellants. John J. Kenney, for respondent.

WOODWARD, J. The relator is a resident of Richmond county, and was a clerk in the bureau of supplies in the board of education of the city of New York, and was entitled to a salary of $1,200 per year. He was concededly within the provisions of section 1069 of the Greater New York Charter (Laws 1901, p. 454, c. 466), which provides:

   "The city superintendent of schools, any associate city superintendent, any district superintendent, the supervisors of lectures, any member of the board of examiners, the secretary of the board of education, the superintendent of school buildings, the superintendent of school supplies, the auditor or auditors, and any other officers, clerks or subordinates of the board, may, any or either of them, be removed for cause at any time by a vote of three-fourths of all the members of the board of education, and may be suspended by the board of education pending the trial of charges."

On the 25th day of April, 1906, the relator was suspended as a clerk in the bureau of supplies, without pay, pending the trial of charges that he had been guilty of deceit, falsehood, misconduct, and neglect of duty. These charges were subsequently tried, resulting on the 10th day of October in the adoption of a resolution to the effect that "John Curren be, and he hereby is, dismissed from the service of the department of education." There is no suggestion on the part of the relator that this trial was not properly conducted, or that he was not properly dismissed from the service; but he seeks by a peremptory writ of mandamus to compel the audit and allowance of his claim for salary during the time that he was suspended from service, and the learned Special Term, following the supposed authority of O'Hara v. City of New York, 46 App. Div. 518, 62 N. Y. Supp. 146, has granted the writ; the respondents appealing from the order.

We are of opinion that the O'Hara Case is distinguishable. In that case the plaintiff was unlawfully removed from office, and upon a proper proceeding was reinstated, and the court merely held that he

was entitled to his compensation during the time that he was unlaw-
fully prevented from discharging his duties.    That is unquestionably
the law of this state.    But in the case now under consideration the
relator was not unlawfully removed from office.    Charges were pre-
ferred against him on the 25th day of April, and, if he was guilty of
the things charged against him, the board of education had the power
to remove him on that day; for the language of the statute is that he
may "be removed for cause at any time."    To enable the board to
properly try and determine the charges, and at the same time to protect
the public against impositions on the part of vicious or incompetent
persons, the Legislature also provided that the officer might "be sus-
pended by the board of education pending the trial of charges"; and
it would be strange if it was contemplated that a man who was con-
cededly liable to dismissal on the 25th day of April because of mis-
conduct in office should be permitted during the term of his suspension
to draw the salary attached to the office, where it appeared upon the
trial that the facts warranted his dismissal at the time of the making
of the charges.    It seems to us clear that the legislative intent was to
permit the suspension of the officer from the time the charges were
made, and, if the trial demonstrated that the charges were sufficient
to justify his removal, that the determination related back to the sus-
pension, and that the relator being unworthy to hold the position, was
not entitled to his compensation.

The cases of Gregory v. Mayor, etc., of New York, 113 N. Y. 416,
21 N. E. 119, 3 L. R. A. 854, and Emmitt v. Mayor, etc., of New
York, 128 N. Y. 117, 28 N. E. 19, do not conflict with anything here
determined.    In those cases the statute did not in terms provide for a
suspension, but it was urged that the power to remove carried with it
the power to suspend indefinitely without pay, and the court held that
under the facts in those cases this was not the law.    In the Gregory
Case, supra, the court say:

"Whether the power to remove includes the power to suspend must, it seems
to us, depend, among other things, upon the question whether the suspension
in the particular case would be an exercise of a power of the same inherent
nature as that of removal, and only a minor exercise of such power, or wheth-
er it would work such different results that no inference of its existence
should be indulged in, based only upon the grant of the specific power to
remove."

Here there is no such question.    The statute gives the power of
removal at any time, and, as an incident to that power, it provides that
the party may be suspended pending the trial of the charges, and the
inference to be drawn is that it was the intention to make the removal
at once effective, subject to the result of the trial of charges.    At
least, in the absence of a controlling authority, this court is not dis-
posed to say that a man who is concededly guilty of the charges pre-
ferred against the relator is entitled to his pay during the time that
he may be able to avoid a trial, where the statute has provided for his
suspension.    We do not think the Legislature intended such a result.

The order appealed from should be reversed, with costs.    All
concur.