O'BRIEN v. CITY OF NEW YORK.

(Supreme Court, Appellate Term.   February 7, 1908.)

1. COURTS—MUNICIPAL COURT—PLEADING—PLEADING JUDGMENT AS DEFENSE—ORAL PLEADING—BILL OF PARTICULARS—NECESSITY OF PLEADING JUDGMENT.

In an action by plaintiff in the Municipal Court of New York City to recover his salary as tenement house inspector while suspended from duty, where, the pleadings being oral, the complaint was "Salary," and the answer was "General denial, demand for bill of particulars," it was not incumbent upon defendant, in order to rely as a defense upon a prior judgment against plaintiff involving the same claim, to anticipate the facts set forth in the bill of particulars and plead "Res adjudicata" in its oral answer.

2. SAME—RULES OF DECISION—PRECEDENTS—PREVIOUS DECISIONS.

In an action to recover his salary as tenement house inspector while under suspension alleged to have been illegal because not having been made by the commissioner, a decision in mandamus proceedings that if the suspension was made by the commissioner it was valid was not binding in the present action, under the doctrine of stare decisis, since the issues in the two suits were different.

3. MUNICIPAL CORPORATIONS—OFFICERS AND EMPLOYÉS—REMOVAL OF EMPLOYÉ.

Where the deputy tenement house commissioner wrote a letter to the chief inspector, directing that plaintiff be suspended as tenement house inspector pending investigation, the letter being countersigned by the tenement house inspector:   "O. K. E. J. B."—his suspension was by the commissioner, and not by the chief inspector.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by William F. O'Brien against the city of New York.   From a judgment for plaintiff, defendant appeals.   Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Francis K. Pendleton (Theodore Connoly and Thomas F. Noonan, of counsel), for appellant.

Andrew H. Scoble, for respondent.

PER CURIAM. There are practically no controverted facts in this case, and only a question of law is presented. On February 2, 1902, plaintiff's name was placed on the municipal civil service list, from which he was appointed a tenement house inspector on June 2, 1902, at a salary of $1,200 a year. On October 8, 1906, the first deputy commissioner wrote a letter to the chief inspector, directing the latter to suspend plaintiff from duty without pay pending investigation and trial of certain charges that had been made against him. This letter · was countersigned by the commissioner himself as follows: "O. K. E. J. B." The following day, October 9, 1906, the chief inspector wrote to plaintiff a letter suspending him without pay from duty during the determination of the charges made against him. On February 2, 1907, the charges were sustained, and plaintiff was dismissed from the tenement house department. His salary was paid up to October 9, 1906, the date of his suspension, from which time he has received no salary. He sued for his salary during the time of his suspension; i. e., from October 9, 1906, the date of his suspension, to February 2, 1907, the date of his dismissal. The justice gave him judgment for the amount of such salary. Defendant appeals.

· There is no question raised here as to the legality of plaintiff's dismissal; but the plaintiff claims that his suspension was illegal, upon the alleged ground that he was suspended by the chief inspector, and not by the commissioner. It is not disputed that the commissioner himself, not only has the power to remove, but also to suspend, and that, where the suspension was during the pendency of the trial of charges, the result of the trial, in case of removal, relates back and takes effect as of the date of the suspension, so that no recovery can be had for salary during the period of suspension. People ex rel. Curren v. Cook, 117 App. Div. 788, 102 N. Y. Supp. 1087; People ex rel. O'Brien v. Butler, 120 App. Div. 755, 105 N. Y. Supp. 631. The case of People ex rel. O'Brien v. Butler, above cited, was a mandamus proceeding brought by this plaintiff against the tenement house commissioner to compel payment to the plaintiff of the claim here in suit, and it was decided adversely to plaintiff. It was there held that mandamus will not lie to compel the tenement house commissioner to audit and pay, or cause to be paid, the salary of an employé; that mandamus never issues to compel the performance of an impossible act, and a claim for salary can only be so enforced when both upon the facts and law it clearly appears that there can be no defense to the claim, in which case the court may award the writ in its discretion; that the tenement house commissioner has power, by virtue of section 3331 of the charter, to suspend an inspector during the determination of charges against him; and that where his dismissal from office is justified he cannot recover his salary during the period of suspension. The learned corporation counsel seeks to show that this case establishes a defense of res adjudicata, while the learned counsel for the plaintiff urges

that defendant cannot rely on this defense as it was not pleaded. It may be observed, however, that the pleadings herein are oral; the complaint being "Salary," and the answer "General denial, demand for bill of particulars." Under these circumstances it was not incumbent upon defendant to anticipate the facts set forth in the bill of particulars, and allege "res adjudicata" in its oral answer to the oral complaint. However, the record in the mandamus proceeding was not offered in evidence, nor was any mention made of such proceeding in the statement of facts upon which the action was tried, so that the defense of res adjudicata cannot be considered as being raised in the case at bar.

The learned corporation counsel also urges that the essential facts in that proceeding are set forth in the opinion of the Appellate Division, and the principle of law above mentioned applied to those facts, and that we should regard the law of that case as controlling here, under the doctrine of stare decisis. The answer to this claim is that nowhere in the opinion is any reference made to the question raised in the case at bar; i. e., was the suspension illegal by reason of having been made by the chief inspector in the manner above narrated? It merely held that, assuming plaintiff to have been suspended by the commissioner, such suspension would be valid. As we have already stated, there is no dispute as to the law laid down in the Butler Case, so far as it applies to the case at bar. What we have here to consider is this: Was the suspension made by the commissioner, or was the power of suspension exercised by the chief inspector? If made by the commissioner, the law of the Butler Case unquestionably applies. The contention of plaintiff that the suspension was not made by the commissioner rests more upon technicality than merit. The suspension originated with and was ordered by the deputy commissioner, which order was ratified by the commissioner at the same time, and the chief inspector carried into effect the said instructions. The power of suspension was not delegated by the commissioner to the chief inspector, within the legal acceptation of the term. The chief inspector had no discretionary power in the matter, but was ordered to suspend plaintiff. Whether or not the letter conveying such order to the chief inspector was shown to plaintiff we are not told. The act of suspension must be held to have been the act of the commissioner, whose authority is not questioned.

The judgment is reversed, and the complaint dismissed, with costs.