William F. O'Brien, Respondent, v. The City of New York, Appellant.

(Supreme Court, Appellate Term, February, 1908.)

Municipal corporations — Officers and agents — Officers and employees or agents other than mayor and common council: Resignation, removal, discharge and suspension — Power to suspend — How exercised: Compensation — Compensation of employees not officers — Compensation while absent or suspended.
Former adjudication — Pleading and evidence — Necessity of pleading former adjudication; Burden of proving former adjudication.

Where a tenement-house inspector, who had been suspended from duty without pay pending the determination of charges against him, upon which he was afterward removed, brings an action in

the Municipal Court on an oral complaint for salary during the time of his suspension, the defendant, on an oral answer consisting of a general denial and a demand for a bill of particulars, is entitled to show in defense that, in mandamus proceedings brough to compel the payment of the claim in suit, it had been determined that plaintiff could not recover salary during the period of suspension; and defendant was not bound to anticipate the facts afterward set forth in plaintiff's bill of particulars and plead *res adjudicata.*

Although the defendant might under the pleadings have established a defense of *res adjudicata* yet, where the record of the former adjudication was not offered in evidence, nor any mention of it made in the statement of facts upon which the action was tried, the defense cannot be considered as having been raised.

Nor can the former decision be regarded as controlling under the doctrine of *stare decisis*, when it does not appear that the question raised in the case at bar is anywhere referred to in the opinion rendered upon the former decision.

Where a letter written by the deputy commissioner to the chief inspector directing him to suspend plaintiff was countersigned by the commissioner himself, the act of suspension must be held to have been the act of the commissioner.

APPEAL by the defendant from a judgment in favor of the plaintiff, rendered in the Municipal Court of the city of New York, ninth district, borough of Manhattan.

Francis K. Pendleton (Theodore Connoly and Thomas F. Noonan, of counsel), for appellant.

Andrew H. Scoble, for respondent.

*Per Curiam.* There are practically no controverted facts in this case, and only a question of law is presented. On February 2, 1902, plaintiff's name was placed on the municipal civil service list, from which he was appointed a tenement-house inspector on June 2, 1902, at a salary of $1,200 a year. On October 8, 1906, the first deputy commissioner wrote a letter to the chief inspector, directing the latter to suspend plaintiff from duty, without pay, pending investigation and trial of certain charges that had been made against him. This letter was countersigned by the commissioner himself as follows: " O. K. E. J. B." The fol-

lowing day, October 9, 1906, the chief inspector wrote to plaintiff a letter suspending him without pay from duty during the determination of the charges made against him.    On February 2, 1907, the charges were sustained, and plaintiff was dismissed from the tenement-house department.    His salary was paid up to October 9, 1906, the date of his suspension, from which time he has received no salary.    He sued for his salary during the time of his suspension, *i. e.,* from October 9, 1906, the date of his suspension, to February 2, 1907, the date of his dismissal.    The justice gave him judgment for the amount of such salary.    Defendant appeals.    There is no question raised here as to the legality of plaintiff's dismissal, but the plaintiff claims that his suspension was illegal upon the alleged ground that he was suspended by the chief inspector and not by the commissioner. It is not disputed that the commissioner himself not only has the power to remove, but also to suspend, and that, where the suspension was during the pendency of the trial of charges, the result of the trial, in case of removal, relates back and takes effect as of the date of the suspension, so that no recovery can be had for salary during the period of suspension.    People ex rel. Curren v. Cook, 117 App. Div. 788; People ex rel. O'Brien v. Butler, 120 id. 755.    The case of People ex rel. O'Brien v. Butler, *supra,* was a mandamus proceeding, brought by this plaintiff against the tenement-house commissioner to compel payment to the plaintiff of the claim here in suit, and it was decided adversely to plaintiff.    It was there held that mandamus will not lie to compel the tenement-house commissioner to audit and pay, or cause to be paid, the salary of an employee; that mandamus never issues to compel the performance of an impossible act, and a claim for salary can only be so enforced when, both upon the facts and law, it clearly appears that there can be no defense to the claim, in which case the court may award the writ in its discretion; that the tenement-house commissioner has power, by virtue of section 1331 of the charter, to suspend an inspector during the determination of charges against him, and that, where his dismissal from office is justified, he cannot recover his salary during the period of sus-

pension. The learned corporation counsel seeks to show that this case establishes a defense of *res adjudicata,* while the learned counsel for the plaintiff urges that defendant cannot rely on this defense as it was not pleaded. It may be observed, however, that the pleadings herein are oral, the complaint being " Salary " and the answer " General Denial, demand for Bill of Particulars." Under these circumstances it was not incumbent upon defendant to anticipate the facts set forth in the bill of particulars and allege " Res Adjudicata " in its oral answer to the oral complaint. However, the record in the mandamus proceeding was not offered in evidence, nor was any mention made of such proceeding in the statement of facts upon which the action was tried; so that the defense of *res adjudicata* cannot be considered as being raised in the case at bar. The learned corporation counsel also urges that the essential facts in that proceeding are set forth in the opinion of the Appellate Division and the principle of law above mentioned applied to those facts, and that we should regard the law of that case as controlling here under the doctrine of *stare decisis.* The answer to this claim is that nowhere in the opinion is any reference made to the question raised in the case at bar, *i. e.,* was the suspension illegal by reason of having been made by the chief inspector in the manner above narrated? It merely held that, assuming plaintiff to have been suspended by the commissioner, such suspension would be valid. As we have already stated, there is no dispute as to the law laid down in the Butler case, so far as it applies to the case at bar. What we have here to consider is this: was the suspension made by the commissioner, or was the power of suspension exercised by the chief inspector? If made by the commissioner, the law of the Butler case unquestionably applies. The contention of plaintiff that the suspension was not made by the commissioner rests more upon technicality than merit. The suspension originated with and was ordered by the deputy commissioner, which order was ratified by the commissioner at the same time, and the chief inspector carried into effect the said instructions. The power of suspension was not delegated by the commissioner to the chief inspector, within

the legal acceptation of the term. The chief inspector had no discretionary power in the matter, but was ordered to suspend plaintiff. Whether or not the letter conveying such order to the chief inspector was shown to plaintiff, we are not told. The act of suspension must be held to have been the act of the commissioner, whose authority is not questioned.

The judgment is reversed and the complaint dismissed, with costs.

Present: GILDERSLEEVE, SEABURY and GERARD, JJ.

Judgment reversed and complaint dismissed, with costs.