(57 Misc. Rep. 677.)

PEOPLE ex rel. BRENNAN v. BINGHAM, Police Com'r.

(Supreme Court, Special Term, New York County. February, 1908.)

MUNICIPAL CORPORATIONS—POLICE DEPARTMENT—SUSPENSION OF OFFICER. .

Under Greater New York Charter, Laws 1897, pp. 100, 105, c. 378, §§ 292, 300, a police commissioner cannot suspend a member of the police force without pay, unless written charges have been preferred and are pending.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 496.]

Application by the people, on the relation of Michael R. Brennan, for a writ of mandamus to Theodore A. Bingham, police commissioner. Writ granted.

Nathan, Leventritt & Perham (Emil Goldmark, of counsel), for relator.

Francis K. Pendleton (Royal E. T. Riggs, of counsel), for respondent.

PLATZEK, J. The relator, a member of the police force, applies for a peremptory writ of mandamus to compel the respondent, as police commissioner of the city of New York, to restore him to duty and certify his name properly on the payrolls, so that he may obtain his accrued salary. The main contention is whether the relator was legally suspended without pay on November 8, 1907. It is undisputed that no written charges were made and served upon the relator on the day that he was suspended without pay. The opposing affidavits tendered on behalf of Commissioner Bingham state that charges were served on the relator (about 12 weeks thereafter) on January 28, 1908. The city charter (Laws 1897, p. 105, c. 378, § 300) prescribes that:

"No member * * * of the police force * * * shall be suspended * * * from the police force until written charges shall have been made or preferred against him."

The authority of the commissioner to suspend without pay is defined in section 292 of the city charter:

"He shall have power to suspend without pay pending the trial of charges any member of the police force."

Certainly written charges must be preferred and actually pending before the commissioner is authorized to suspend a member of the police force without pay, pursuant to the provisions of the charter and rule 36, subd. C, promulgated by the police commissioner, providing that charges preferred against any member of the police force must be in writing. See People ex rel. Curren v. Cook, 117 App. Div. 788, 102 N. Y. Supp. 1087.

The case of People ex rel. O'Brien v. Butler, 120 App. Div. 751, 105 N. Y. Supp. 631, relied on by the corporation counsel, is inapplicable, for the reason that charges were preferred in that matter, and that the facts in that proceeding warranted dismissal at the time the charges were made, and that therefore the relator in that case could not recover his salary during the period of suspension. The relator, Brennan, is not demanding his salary from the respondent.

The application of the relator is granted, without prejudice to any charges preferred and served on relator since November 8, 1907, or to any proceedings had or taken in relation to the same.

Settle order on notice.