In the Matter of Proving the Last Will and Testament of EDWARD S. LOWE, Deceased.— Decree affirmed, with costs. All concur. (The decree admits a will to probate.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

ANNIE KILLORAN, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 24527.) — Judgment affirmed, with costs. All concur. (The judgment awards claimant damages for personal injuries in an automobile negligence action.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

AUGUST KOENIG, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 24528.) — Judgment affirmed, with costs. All concur. (The judgment awards claimant damages for personal injuries in an automobile negligence action.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

In the Matter of the Application of VILLAGE OF LAKEWOOD, Appellant, for a Mandamus Order against JAMES A. RUSSELL, Respondent.— Order affirmed, with costs. All concur. (The order denies an application for a peremptory mandamus order in a proceeding to compel a village treasurer to deliver to the clerk of the village all books, records, etc., in his possession.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ. [163 Misc. 62.]

ANTHONY GOLAS, as Administrator, etc., of WLADYSLAWA GOLAS, Deceased, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: Our reversal is on the sole ground that the court erred in charging in effect, at the instance of the defendant, that the jury could not consider at all whether the insured had been examined by a company physician before the issuance of the policy. This testimony was competent on the question of the soundness of health of the insured at the time she was examined and on the date the policy was issued. (*Mutual Life Insurance Co.* v. *Long*, 12 Ohio App. 252; 31 Ohio C. A. 49; 109 A. L. R. 926, 927; 8 Couch Cyclopedia of Insurance Law, § 2247, p. 7338; *Gamble* v. *Metropolitan Life Ins. Co.*, 95 S. C. 196; 78 S. E. 875, 876; *Baker* v. *Metropolitan Life Ins. Co.*, 106 S. C. 419; 91 S. E. 324, 325.) All concur. (The judgment is for the defendant in an action to recover on a life insurance policy.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

RICHARD C. ALLEN and Others, Appellants, v. FRANK F. FIX, as Administrator, etc., of CHARLES V. FIX and Others, Respondents.— Judgment affirmed, with costs. Memorandum: We base our affirmance upon the ground that there was no breach of the condition in the deed that the grantee should not sell the land during its corporate existence, as the undisputed evidence is to the effect that the corporation has been dissolved before the deed was given; and upon the further ground that the Statute of Limitations had run. (Civ. Prac. Act, § 34.) All concur. (The judgment dismisses the complaint in an ejectment action.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

In the Matter of the Petition of DORIS H. BALTZER, as Executrix, etc., of LOTTIE E. SKINNER, Deceased, Praying for a Decree Judicially Settling and Allowing Her Account as Filed, etc.— Decree so far as appealed from affirmed, with costs. All concur. (The portion of the decree appealed from construes certain portions of a will in a proceeding to judicially settle the accounts of the executrix.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.