■ In the Matter of Thomas F. Whelan, Appellant, v Arthur G. Pitts, as Supervisor of the Town of Babylon, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of Babylon dated August 26, 1988, which, *inter alia,* suspended the petitioner from the public office of Town Attorney of the Town of Babylon, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered September 20, 1988, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the respondents are directed to reinstate the petitioner to the position of Town Attorney of the Town of Babylon, with full pay retroactive to the date of his suspension, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The petitioner, Thomas F. Whelan, was appointed Town Attorney of the Town of Babylon on January 7, 1988. His term of office was to expire on December 31, 1989.

On March 12, 1988, the petitioner was involved in an automobile accident and was injured. As a result, he commenced a period of absence and received disability compensation from the Hartford Insurance Company. His disability benefits were terminated on September 1, 1988, as he was no longer disabled.

Meanwhile, on May 25, 1988, as a result of the automobile accident, the petitioner was indicted on charges of vehicular assault, assault in the second degree, and driving while intoxicated in violation of Penal Law §§ 120.03 and 120.05 and Vehicle and Traffic Law § 1192, respectively.

By resolution adopted by the Town Board on August 26, 1988, the petitioner was suspended without pay effective September 1, 1988, because of the criminal charges against him, pending a hearing on the matter of the termination of his employment as Town Attorney. The petitioner thereupon commenced the instant proceeding to (a) annul the Town Board's resolution suspending him without pay, (b) compel the Town Board to reinstate him as Town Attorney and to accord him full recognition as such until the expiration of his term of office, and (c) compel the Town Supervisor and the Town Comptroller to pay him the salary which accrued during the term of his allegedly improper suspension. The petitioner

essentially argued that the Town Board did not have the power to suspend him. The Supreme Court disagreed and dismissed the proceeding on the merits. We reverse.

Absent specific statutory authority to do so, a public employer may not suspend an employee, even where it has the power to terminate his employment permanently. The power to suspend is not an inherent lesser power included within the power to terminate public employment *(see, Emmitt v Mayor of City of N. Y.,* 128 NY 117; *Gregory v Mayor of City of N. Y.,* 113 NY 416; *Sinicropi v Bennett,* 92 AD2d 309, *affd* 60 NY2d 918; *Matter of Bramer v Board of Parole,* 247 App Div 414; *People ex rel. Curren v Cook,* 117 App Div 788). In any event, the Town Board has neither the statutory power to remove the petitioner *(see,* Public Officers Law § 36; *Matter of Sullivan v Taylor,* 279 NY 364) nor to suspend him and, therefore, the suspension of the petitioner was improper.

Accordingly, the judgment dismissing the proceeding is reversed, and the petitioner is restored to his position as Town Attorney with full pay retroactive to the date of his suspension, and the matter remitted to the Supreme Court to determine the back pay and benefits due him. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.