ment", effective December 12, 1989, was invalid *(see, e.g., Matter of Petrella v Siegel,* 73 NY2d 846). Petitioner did, however, apply for retirement benefits from the New York State Police and Fire Retirement System effective September 8, 1990. We have said that, "[a]bsent compelling circumstances, finality must be given to resignations and retirements from service" *(Matter of Girard v Board of Educ.,* 168 AD2d 183, 185). By allowing his retirement application to become effective, petitioner demonstrated "clear and convincing evidence that he intended to relinquish his position" *(Matter of Cannon v Ulster County Bd. of Coop. Educ. Servs.,* 155 AD2d 846, 847). Inasmuch as the employment relationship between the parties has ceased to exist, petitioner is not entitled to reinstatement *(see, Matter of Girard v Board of Educ., supra).* He is, however, entitled to back pay from the date of his improperly compelled resignation until the time that his retirement became effective for benefit purposes. (Appeal from Judgment of Supreme Court, Orleans County, Miles, J.—Article 78.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.

■ ROBERT PLOUSE, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 1.) (Claim No. 70226.) (Appeal from Judgment of Court of Claims, Hanifin, J.—Negligence.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.

■ DOUGLAS J. LANCASTER, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 2.) (Claim No. 70227.) (Appeal from Judgment of Court of Claims, Hanifin, J.—Negligence.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.

■ GARRATT M. SAVAGE et al., Plaintiffs, v SPECIALTY RETAIL CONCEPTS, INC., Respondent, and CARROLS CORPORATION, Appellant. (Appeal No. 6.) (Appeal from Judgment of Supreme Court, Onondaga County, Hayes, J.—Negligence.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.

■ GARRATT M. SAVAGE et al., Plaintiffs, v SPECIALTY RE-

TAIL CONCEPTS, INC., Respondent, and CARROLS CORPORATION, Appellant. (Appeal No. 7.) (Appeal from Judgment of Supreme Court, Onondaga County, Hayes, J.—Negligence.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FORGUE, Appellant.

We have examined defendant's other contention and find it to be without merit. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Aggravated Unlicensed Operation Motor Vehicle, 1st Degree.) Present—Denman, P. J., Callahan, Green, Lawton and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY K. SMITH, Appellant.