■ MEREDETH CAPOBIANCO, Appellant, v INCORPORATED VILLAGE OF MASSAPEQUA PARK et al., Respondents. [717 NYS2d 328] —In an action, *inter alia,* to recover damages for wrongful discharge, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (De-Maro, J.), dated January 5, 2000, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the first cause of action and substituting therefor a provision denying that branch of the motion, and, upon searching the record, granting summary judgment to the plaintiff on the first cause of action; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

By Resolution 8639-1972, the Village of Massapequa Park (hereinafter the Village) established the position of Village Administrator and, in doing so, provided that the "Village Clerk-Treasurer shall be the Village Administrator and shall serve in such capacity at the pleasure of the Board of Trustees." On April 5, 1999, the plaintiff was duly appointed to the position of Village Administrator to serve for a two-year term. Effective August 26, 1999, the Village terminated the plaintiff's employment.

The plaintiff subsequently commenced this action against the Village and various Village officials. In her first cause of action, she alleges that she was wrongfully removed from office as the Village Administrator, Clerk-Treasurer in violation of Public Officers Law § 36. In her second cause of action, she seeks an attorney's fee and liquidated damages pursuant to Labor Law § 198. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff was an at-will employee, not a Village officer, and, therefore, Public Officers Law § 36 was not applicable. The Supreme Court granted the defendants' motion, concluding that the plaintiff was not a Village officer, but an at-will employee who could be terminated at any time for any reason.

Public Officers Law § 36 provides, in relevant part, that any Village officer "may be removed from office by the supreme court for any misconduct * * * An application for such removal may be made by any citizen resident of such * * * village * * * or by the district attorney of the county in which such * * * village * * * is located, and shall be made to the appellate division * * * Such application shall be made upon notice to such officer of not less than eight days, and a copy of the charges upon which the application will be made must be served with such notice."

Contrary to the determination of the Supreme Court, the record establishes that the plaintiff was, in fact, the Village Clerk-Treasurer and a Village officer (see, Village Law § 3-301 [1]). The plaintiff performed the duties of that office (see, Village Law §§ 4-402, 4-408). Further, the Village's own resolution provided that the Village Clerk-Treasurer was the Village Administrator. Although the defendants maintain that the positions of Village Clerk and Treasurer were abolished by the resolution, the Village lacked the authority to abolish those positions (see, Village Law § 3-301 [1]; Matter of Village of Lakewood v Russell, 163 Misc 62, affd 253 App Div 868).

As a Village officer, the plaintiff could only be removed from office in accordance with the procedure set forth in Public Officers Law § 36, despite the provision in the resolution that she was to serve at the pleasure of the Board of Trustees (see, Matter of Sullivan v Taylor, 279 NY 364). Because the defendants failed to follow the proper statutory procedure, the plaintiff was entitled to remain in office unless and until removed in accordance with Public Officers Law § 36 (see, Matter of Sullivan v Taylor, supra). Consequently, upon searching the record (see, CPLR 3212 [b]), we grant summary judgment to the plaintiff on her first cause of action.

We agree with the Supreme Court that the second cause of action should be dismissed. However, we disagree with the reasoning of the Supreme Court. The attorney's fee and liquidated damages remedies provided in Labor Law § 198 "are limited to actions for wage claims founded on the substantive provisions of Labor Law article 6" (*Gottlieb v Laub & Co.,* 82 NY2d 457, 464). Although the defendants contend that the plaintiff is not covered by the statute, that issue need not be addressed because the plaintiff has not even asserted a cause of action based on the substantive provisions of the Labor Law (*see, Scheer v Kahn,* 221 AD2d 515). Ritter, J. P., Altman, Luciano and Smith, JJ., concur.