■ In the Matter of JANET ENOS, Respondent, v VILLAGE OF SENECA FALLS et al., Appellants. (Appeal No. 1.) [732 NYS2d 924] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Judgment of Supreme Court, Seneca County, Falvey, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.

■ In the Matter of JANET ENOS, Respondent, v VILLAGE OF SENECA FALLS et al., Appellants. (Appeal No. 2.) [732 NYS2d 785] —Appeal from judgment insofar as it denied reargument unanimously dismissed (*see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984) and judgment affirmed without costs. Memorandum: Petitioner formerly held the combined positions of Village Administrator and Village Clerk for respondent Village of Seneca Falls (Village). At a meeting on April 3, 2000, new members of respondent Village Board of Trustees of Village of Seneca Falls (Board) and respondent Antonio Costantino, Mayor, were sworn in. At that meeting the Mayor and the Board reappointed petitioner to the position of Village Clerk but the position of Village Administrator was not then addressed. Petitioner continued in both positions. The working relationship between petitioner and the Board and Mayor began to deteriorate, and on May 17, 2000 the Mayor and certain Board members scheduled a Board meeting for 9:00 A.M. the next day. At that meeting the Board went into executive session. After returning from executive session, the Mayor presented petitioner with a letter terminating her from both positions.

Petitioner commenced this CPLR article 78 proceeding, alleging, *inter alia,* that her termination was improper because the meeting on May 18, 2000 violated the Open Meetings Law (Public Officers Law art 7) and because respondents failed to comply with Public Officers Law § 36 in terminating her. Supreme Court agreed with petitioner on both grounds and granted the petition, reinstating petitioner to both positions with back pay and benefits.

Respondents moved for reargument and renewal. The court determined that the motion was untimely insofar as it sought

reargument but granted the motion insofar as it sought renewal. Upon renewal, the court modified its original decision by determining that petitioner had not been reappointed to the position of Village Administrator but instead was continuing in that position as a holdover and therefore could discharge the duties of that office until the vacancy was properly filled. The court otherwise adhered to its original decision.

Respondents contend that the court erred in determining that the position of Village Administrator is a public office. We disagree. Pursuant to Village Law § 3-301 (2) (c), a village may create public offices in addition to those that are mandatory. The position of Village Administrator was created and the duties were defined by legislation (see, Seneca Falls Village Code ch 55). In addition, we note that a public officer is defined as "a person whose position is created, and whose powers and duties are prescribed, by [legislation] and who exercises a high degree of initiative and independent judgment" (Matter of Lake v Binghamton Hous. Auth., 130 AD2d 913, 914; see, Matter of Stork v Board of Trustees, 179 AD2d 1058; see generally, Matter of O'Day v Yeager, 308 NY 580, 586). Here, the duties of Village Administrator prescribed by section 55-3 of the Seneca Falls Village Code involve a high degree of initiative and independent judgment (cf., Matter of Stork v Board of Trustees, supra, at 1058). Thus, the court properly determined that the position is a public office.

Upon renewal, the court properly determined that petitioner was a holdover in the position of Village Administrator. The term of Village Administrator is one official year or the remaining portion thereof (see, Village Law § 3-302 [4]). The official year for the Village ended in March 2000 and, although petitioner was not reappointed to the position, a successor was not then appointed. Pursuant to Public Officers Law § 5, every officer, with certain exceptions not applicable here, "shall * * * hold over and continue to discharge the duties of [the] office after the expiration of the term * * * until [the] successor shall be chosen and qualified." Thus, although petitioner was not reappointed, she properly continued to discharge the duties of Village Administrator as a holdover and the court properly reinstated her to the position of Village Administrator until such time as the vacancy was properly filled.

The court also properly reinstated petitioner to the position of Village Clerk. Petitioner was appointed to that position on April 3, 2000 and the position is a public office with a two-year term (see, Village Law § 3-301 [1] [d]; § 3-302 [3]). Respondents could not terminate her from that position without following

the procedure set forth in Public Officers Law § 36. Because we conclude that petitioner was not properly terminated from either position at the May 18, 2000 meeting, we see no need to address the propriety of the court's further determination that the meeting was held in violation of the Open Meetings Law (Public Officers Law art 7).

Petitioner has not appealed and thus we do not address her contentions that the court erred in invalidating an alleged two-year contract appointing her to the position of Village Administrator until March 31, 2002 and that the court erred in granting respondents' motion insofar as it sought renewal. (Appeal from Judgment of Supreme Court, Seneca County, Falvey, J.—Renewal.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.