■ MEREDETH CAPOBIANCO, Respondent, v INCORPORATED VILLAGE OF MASSAPEQUA PARK et al., Appellants. [753 NYS2d 844] —In an action, inter alia, to recover damages for wrongful removal from office, the defendants appeal from an order of the Supreme Court, Nassau County (DeMaro, J.), dated February 1, 2002, which denied their motion to set a discovery schedule on the issue of mitigation of damages.

Ordered that the order is affirmed, with costs.

In April 1999 the plaintiff was appointed to a two-year term as the Village Administrator for the defendant Village of Massapequa Park. Her appointment was terminated in August 1999. She commenced this action alleging, inter alia, that she was wrongfully removed from her position in violation of Public Officers Law § 36. On a prior appeal, this Court agreed and granted her summary judgment on the first cause of action in her complaint (*see Capobianco v Incorporated Vil. of Massapequa Park,* 278 AD2d 268). The defendants subsequently moved to set a discovery schedule on the issue of mitigation of damages. They contended that the plaintiff had a duty to mitigate her damages and that, therefore, they were entitled to discovery on the issue. The Supreme Court correctly concluded that the plaintiff did not have a duty to mitigate damages and, consequently, it properly denied the defendants' motion (*see Kaminsky v City of New York,* 15 NY2d 500; *Fitzsimmons v City of Brooklyn,* 102 NY 536). S. Miller, J.P., Schmidt, Townes and Crane, JJ., concur.