Charles J. Genese Informal Opinion Town Attorney No. 2006-7 Town of Webster 1000 Ridge Road Webster, NY 14580
Dear Mr. Genese:
You have asked whether individuals appointed by the Town Board as civil enforcement officers are required to be residents of the town. In your request for opinion and a subsequent telephone call, you explained that these individuals serve processes and execute mandates of the town court in civil matters. You have also explained that these enforcement officers are not paid a salary or any wages by the town, but receive statutory fees for their services. You are aware that state law imposes a local residency requirement on town officers. The dispositive issue is therefore whether the civil enforcement officers are town "officers." For the reasons that follow, we conclude that these civil enforcement officers are town officers, and as such must be residents of the town in which they serve.
STATUTORY BACKGROUND
The Uniform Justice Court Act ("UJCA") defines the enforcement officers for town court. In civil matters, the enforcement officers are the constables of the town and the sheriff of the county and "such other persons as are designated by the municipal board to be enforcement officers."[1] UJCA § 110(a)(1);see also Uniform Civil Rules for the Justice Courts § 214.5,22 N.Y.C.R.R. 214.5. Within their territorial jurisdiction and subject to any limitations imposed by law or the uniform court rules, these civil enforcement officers have the same power to serve and execute the processes and mandates of the town court as sheriffs have with respect to the processes and mandates of Supreme Court. UJCA §§ 110(a), 701(b). They receive the same statutory fees for their services as sheriffs would for performing like services in Supreme Court. Id. § 1911(b);see, e.g., CPLR 8011 (fixed fees of sheriffs). While service of process may be made either by the enforcement officers or other persons as authorized by the CPLR, the court's mandates are to be executed by the enforcement officers enumerated in section 110 of the UJCA.[2] See UJCA § 701(a), (d); David D. Siegel, Practice Commentaries to UJCA § 701, 29A McKinney's Cons. Laws of N.Y. at 348 (1989).
Some towns do not have constables,[3] but instead have town police departments. For such towns, the Town Law specifically authorizes the position of civil enforcement officer. Pursuant to Town Law § 20, towns that have a police department (and first class towns that are part of a county police district) are authorized to appoint up to four "civil officers who shall possess all the powers and duties of constables in civil actions and proceedings only."[4] Town Law § 20(1)(a), (b). Such civil officers are not paid a salary, but are entitled to the statutory fees for their services. Id.
This provision recognizes that towns with police departments and no constables may need additional personnel to serve process, execute mandates and enforce judgments for civil matters in the town court. See Memorandum of Ass'n of Towns, reprinted in
Bill Jacket for ch. 155 (1944), at 3-4 (noting that Town Law § 20
was originally amended to permit the appointment of constables with civil duties only for towns with police departments that needed additional personnel to serve process). It is also consistent with section 110(a)(1) of the UJCA, which includes town constables as one of the enumerated enforcement officers for town court civil matters and also recognizes the authority of local governments to designated additional persons as civil enforcement officers.
ANALYSIS
Town Law § 23(1) requires every officer of the town to be an "elector" of the town. We have explained that an "elector" is a person who is eligible to register to vote in a town and must therefore be a resident of the town. See Op. Att'y Gen. (Inf.) No. 2000-5; Op. Att'y Gen. (Inf.) No. 85-59; see also Public Officers Law § 3(1) (imposing local residency requirement on persons holding a "local office"). Although the Legislature has enacted numerous exceptions to the local residency requirement, none of the exceptions apply here.
The determinative question is therefore whether the individuals appointed as civil court enforcement officers are local "officers." The determination whether a position should be characterized as a public office for purposes of residency requires consideration of the powers, duties, qualifications and other characteristics of the position. Indicia of status as an officer include the statutory designation of the position as an "office," the requirement to take an oath of office or file a bond, the appointment for a definite term, and receipt of a commission of office or official seal. See, e.g., Op. Att'y Gen. No. 97-F11; Op. Att'y Gen. No. 89-F4. Courts have also noted that a public office is a position created by and the powers and duties of which are prescribed by statute. E.g., Matter ofStork v. Bd. of Trustees of Vill. of Medina, 179 A.D.2d 1058,1058 (4th Dep't 1992); Matter of Lake v. Binghamton HousingAuthority, 130 A.D.2d 913, 914 (3d Dep't 1987). Most importantly, the duties of a public official involve some exercise of sovereign power. Matter of Haller v. Carlson,42 A.D.2d 829, 829 (4th Dep't 1973). Moreover, in contrast to an employee who acts at the direction of others, a public officer is vested with discretion as to how he performs his independent duties. Op. Att'y Gen. No. 89-F4.
Applying these factors here, we conclude that the position of civil court enforcement officer is a public office for purposes of the Town Law's residency requirement. The state statutes providing for this position refer to it as an office. See Town Law § 20 (entitled "Town officers"); Uniform Justice Court Act § 110(a) (court enforcement officers). Although the creation of the position lies in the discretion of the town board, the statutory duties, and the manner of their execution, are prescribed by state law. See Town Law § 20(1); Uniform Justice Court Act §§ 110(a), 701.[5] Within the constraints of the statutes governing the performance of their duties, the enforcement officers act independently and exercise discretion.
We have previously concluded that village marshals, who perform duties similar to those of town civil enforcement officers, are local officers. 1970 Op. Att'y Gen. (Inf.) 147. In that opinion, we relied on the facts that the position was created and defined by statute and that the village marshals were designated as enforcement officers of the village court in the Uniform Justice Court Act. Most significantly, we focused on the fact that the duties of the position — executing process of the village court and performing other duties for the court that would be performed by the sheriff — indicated that the position is "an agency for public purposes and that the functions and duties of the office concern and affect the public." Id.
(internal quotations and citations omitted). Thus, we concluded that the duties of the position involved some portion of the sovereign power. Id. For like reasons we conclude that the enforcement officers appointed pursuant to Town Law § 20(1), authorized to serve process and execute mandates of the town court in civil matters, are public officers. Like village marshals, in serving and executing judicial mandates on behalf of the town court they are performing a public function; further, unlike employees, they act independently and exercise a portion of the sovereign power in executing their duties.
The fact that the enforcement officers are not paid by the town but derive their income from the fees paid by private parties does not negate their status as public officers for purposes of the residency requirement. See 1980 Op. Att'y Gen. 72 (notary public holds public office and is therefore properly subjected to the statutory requirement that a notary be a resident of the State or maintain an office in the State); Op. Att'y Gen. No. 97-F11 (based upon their duties, members of New York State Independent Living Council are public officers subject to appointment provisions of Public Officers Law, but are also independent contractors excluded from coverage of state defense and indemnification under Public Officers Law § 17); see alsoMatter of Unified Court Sys. v. Roberts, 58 N.Y.2d 876, 878
(1983) (holding that Unified Court System is not liable for unemployment insurance benefits on behalf of city marshals both because they are independent contractors and not employees of the State and because they are local rather than state officers who would be deemed "employees" of the city if deemed government employees at all).
In sum, we conclude that the court enforcement officers who serve process and execute mandates of the town court in civil matters are public officers who must be residents of the town in which they serve.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER Assistant Attorney General In Charge of Opinions
[1] For criminal matters, the designated enforcement officers for town court are peace officers and police officers. Uniform Justice Court Act § 110(b).
[2] Examples of justice court mandates that may require execution include an order to seize chattel, UJCA § 209, and income or property executions used to enforce a money judgment,id. §§ 1504, 1505.
[3] Town constables are peace officers whose duties are specified by state law and the town board. See Criminal Procedure Law § 2.10(1); Town Law § 39.
[4] You have informed us that the Town of Webster has a town police department.
[5] Pursuant to UJCA § 111(b), all non-judicial personnel of the justice courts are required to take and file the oath of office prescribed by law, including enforcement officers whose oath does not otherwise embrace the duties imposed by section 110 of the Act. Thus, in this context the oath requirement is not necessarily an indicia of public officer status.