In the Matter of RICHARD E. SLAGLE, Respondent, v JOHN KEENEY, Individually and as Mayor of Celoron, et al., Appellants. [899 NYS2d 714]—

Appeal from a judgment (denominated order) of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered November 23, 2009 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, granted the petition in part.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs and the petition is dismissed in its entirety.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the allegedly wrongful termination of his employment as Code Enforcement Officer for respondent Village of Celoron (Village) in August 2009. We agree with respondents that Supreme Court should have dismissed the petition in its entirety. Pursuant to the Village's Local Law

No. 2-1985, a term of office for the position of Code Enforcement Officer is two years. It is undisputed that the term of petitioner's predecessor ended in March 2007 and that petitioner was appointed in April 2008. We note that the record is unclear whether petitioner's predecessor was reappointed to a two-year term in 2007 pursuant to Local Law No. 2-1985. In the event that he was reappointed and the position thereafter became vacant, petitioner's term would have been "for the balance of [the] unexpired term[ ]" of petitioner's predecessor pursuant to Village Law § 3-312 (3) (a). If no action was taken to reappoint petitioner's predecessor, then the predecessor held the position through April 2008 in a holdover capacity pursuant to Public Officers Law § 5. "An appointment for a term shortened by reason of a predecessor holding over[ ] shall be for the residue of the term only" (id.). Thus, regardless of which statute applies, petitioner's term of office ended in March 2009, prior to petitioner's termination. Present—Scudder, P.J., Martoche, Fahey, Green and Gorski, JJ.