In a proceeding pursuant to CFLR article 78 to review a determination of the Westchester County Health Care Corporation dated August 11, 2011, which placed the petitioner on administrative leave without pay, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), dated March 26, 2012, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
The agency determination under review was not made after a quasi-judicial evidentiary hearing. Thus, we review the determination under the standard set forth in CFLR 7803 (3), and consider only whether the determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion (see Ward v City of Long Beach, 20 NY3d 1042, 1043 [2013]; Matter of Bylicki v Board of Fire Commr. of S. Farmingdale Fire Dist., 103 AD3d 799 [2013]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [2005]).
Here, the petitioner contends that the respondents wrongfully suspended her without pay for a period exceeding 30 days in violation of Civil Service Law § 75 (3), which pertains to suspensions pending the determination of charges of incompetency or misconduct. Contrary to the petitioner’s contention, she was not suspended without pay pending the hearing and determination of charges of incompetency or misconduct. Rather, when she failed to report to work, she was placed on administrative leave without pay pending her return to work. Thus, the respondents did not violate Civil Service Law § 75 (3).
Accordingly, the determination was not made in violation of lawful procedure, and the Supreme Court properly denied the petition and dismissed the proceeding. Skelos, J.E, Cohen, Miller and Hinds-Radix, JJ., concur.