■ In the Matter of Stephen Auffredou, Appellant, v Board of Trustees of Village of Cornwall-on-Hudson et al., Respondents. [999 NYS2d 153]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of Brendan Coyne, as the mayor of the Village of Cornwall-on-Hudson, dated April 18, 2011, approving the appointment of Jeanne Mahoney to the office of Village Treasurer of the Village of Cornwall-on-Hudson, the petitioner appeals from a judgment of the Supreme Court, Orange County (Woods, J.), dated January 14, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The administrative determination under review was not made after a quasi-judicial evidentiary hearing. Thus, we review the determination under the standard set forth in CPLR 7803 (3), and consider only whether the determination was made in violation of lawful procedure, affected by an error of law, arbitrary and capricious, or an abuse of discretion (*see Matter of Ward v City of Long Beach,* 20 NY3d 1042, 1043 [2013]; *Matter of Quirolo v Liebowitz,* 111 AD3d 641, 641 [2013]; *Matter of Bylicki v Board of Fire Commr. of S. Farmingdale Fire Dist.,* 103 AD3d 799, 799 [2013]).

Here, the petitioner alleged that the respondents improperly removed him from the office of Village Treasurer of the Village of Cornwall-on-Hudson prior to the expiration of his statutory two-year term (*see* Village Law § 3-302 [3]), in violation of Public Officers Law § 36, which sets forth the procedure for removing village officers from office. Contrary to the petitioner's contention, he was not removed from office prior to the expiration of his term. Rather, the respondent Brendan Coyne, as the mayor of the Village, permissibly decided not to reappoint the petitioner after his term of office had expired (*see* Village Law § 3-312 [2], [3]), and instead appointed the respondent Jeanne Mahoney.

The record demonstrates that the petitioner's predecessor, Jennifer Brown, was appointed to the office of Village Treasurer in July 2009 to serve the remainder of a two-year term of office, which had commenced on April 6, 2009 (*see* Public Officers Law § 5). In February 2010, prior to the expiration of her term in

April 2011, Brown resigned from office. On April 5, 2010, the petitioner was appointed to the office of Village Treasurer. Since Brown's term had not expired, the petitioner's appointment was limited to the balance of Brown's unexpired term, which terminated prior to the challenged determination on April 18, 2011 (*see* Village Law § 3-312 [3] [a]; *Matter of Mangravite v Allen*, 112 AD2d 163 [1985]; *see also* Public Officers Law § 38; *Matter of Slagle v Keeney*, 73 AD3d 1459, 1460 [2010]). Contrary to the petitioner's contention, the respondents' submissions established that Brown, who had been appointed to perform the duties of the office of Village Treasurer, was his predecessor in that office (*see generally* Village Law §§ 3-301 [1] [c]; 4-408; *Capobianco v Incorporated Vil. of Massapequa Park*, 278 AD2d 268, 269 [2000]).

In light of the foregoing, the challenged determination had a rational basis, and was not arbitrary, capricious, or contrary to law. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.