In the Matter of DORIS PIEDIMONTE, Appellant, v VILLAGE OF EAST ROCKAWAY, Respondent. [33 NYS3d 392]—

Proceeding pursuant to CPLR article 78 to review a resolution of the Board of Trustees of the Village of East Rockaway dated June 17, 2013, removing the petitioner from her position as Clerk/Treasurer of the Village of East Rockaway.

Adjudged that the petition is granted to the extent that the resolution dated June 17, 2013, is annulled, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The petitioner was formerly employed by the respondent Village of East Rockaway as Clerk/Treasurer. The petitioner had been appointed to that position by resolution of the Board of Trustees of the Village (hereinafter the Village Board) on April 13, 2011. Approximately two years later, on April 8, 2013, the Village Board passed a resolution reappointing the petitioner as Clerk/Treasurer for a two-year term.

On May 5, 2013, the petitioner was arrested for shoplifting. By letter dated May 16, 2013, the petitioner was advised that the Village Board had suspended her with pay. Thereafter, the Village Board scheduled a special work session meeting to be held on June 17, 2013, to discuss terminating the petitioner's employment. Notice of the meeting was provided to the news media on June 11, 2013, and was posted on the front door of the Village Hall on June 14, 2013, and on the Village's website prior to the meeting. By email dated June 14, 2013, the petitioner's attorney was notified of the meeting and was advised that the petitioner should tender her resignation. On June 17, 2013, a resolution was passed by the Village Board terminating the petitioner's employment, effective June 14, 2013.

By notice of petition and petition dated September 13, 2013, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel the Village to reinstate her to her former position with full back pay, retroactive to June 14, 2013. The petitioner alleged, among other things, that the determination

to terminate her employment was arbitrary and capricious, and in violation of Public Officers Law § 36 and the notice requirements of the Open Meetings Law (Public Officers Law § 100 *et seq.*). The Village answered the petition and subsequently moved pursuant to CPLR 3212 and 7804 (f) to dismiss the proceeding.

By order dated May 20, 2014, the Supreme Court, Nassau County (Jaeger, J.), transferred the proceeding to this Court without deciding the merits of the petition. The court determined that the Village did not raise any objections in point of law that could terminate the entire proceeding and denied the Village's motion.

The Supreme Court erred in transferring the proceeding to this Court, since the challenged determination was not made after a quasi-judicial evidentiary hearing (*see* CPLR 7803 [4]; *Matter of Auffredou v Board of Trustees of Vil. of Cornwall-on-Hudson*, 123 AD3d 922, 922 [2014]; *Matter of Board of Trustees of Inc. Vil. of E. Williston v Board of Trustees of Inc. Vil. of Williston Park*, 119 AD3d 679, 680 [2014]; *Matter of Harris v City of Mount Vernon*, 99 AD3d 905, 905-906 [2012]). Nevertheless, in the interest of judicial economy, this Court may retain jurisdiction and determine the issues raised on the merits (*see Matter of Inglese v Shah*, 121 AD3d 688, 689 [2014]).

Public Officers Law § 36 provides, in relevant part, that any Village officer "may be removed from office by the supreme court for any misconduct . . . An application for such removal may be made by any citizen resident of such . . . village . . . or by the district attorney of the county in which such . . . village . . . is located, and shall be made to the appellate division."

Contrary to the Village's contention, the Village Board lacked the authority to remove the petitioner from her position as the Village Clerk/Treasurer. As a Village officer, the petitioner could only be removed from office in accordance with the procedure set forth in Public Officers Law § 36 (*see Matter of Sullivan v Taylor*, 279 NY 364, 369 [1939]; *Matter of Enos v Village of Seneca Falls*, 288 AD2d 853, 854-855 [2001]; *Capobianco v Incorporated Vil. of Massapequa Park*, 278 AD2d 268, 269 [2000]; *Matter of Whelan v Pitts*, 150 AD2d 380, 381 [1989]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, we grant the petition to the extent that the determination is annulled, and we remit the matter to the Supreme Court, Nassau County, to determine the appropriate remedy. Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.